IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# EASTERN DIVISION.

KNOXVILLE, SEPTEMBER TERM, 1891.

REEVES *v.* HENDERSON & CO.

(*Knoxville.* September 22, 1891.)

1. AMENDMENT. *Of Justices' warrant in Circuit Court.*
   Justices' warrant may be amended, in a material matter, in Circuit Court after appeal thereto.
   Code construed: §4952 (M. & V.); §4177 (T. & S.).

2. MECHANICS' LIEN. *Of subcontractor and material-man. Registration.*
   The mechanics' lien of subcontractors and material-men is perfect and enforceable without registration of statement of their accounts against the owner of the property for the improvement of which the labor and materials were furnished. Registration is essential to preserve the lien against the intervening rights of innocent third persons.
   Act construed: Acts 1889, Ch. 103, Sec. 1.

Reeves *v*. Henderson & Co.

3. SAME. *Notice to owner.*

The required notice to owner of property by the subcontractor or material-man is sufficient, though meager, in the following form:

"*Mr. Wm. Reeves*—You are hereby notified that we will proceed to take a mechanics' lien on your house and lot in Johnson City, Tennessee, for work and materials furnished in erecting your house, unless said claim is paid. This November 21, 1890.

"A. P. HENDERSON & CO."

But greater particularity in the notice is recommended.

4. SAME. *Contract with owner not essential.*

The mechanics' lien in favor of subcontractors and material-men for labor and materials furnished to a contractor exists against the improved property independently of any direct contract between them and the owner.

Case cited and approved: Cole Manufacturing Company *v*. Falls, *ante,* p. 466.

5. SAME. *Payment to contractor before notice.*

The mechanics' lien in favor of subcontractors and material-men is not defeated by payment of the contractor in full by the owner before notice of their claims or lien, provided the notice is given within the time prescribed by statute.

FROM WASHINGTON.

Appeal in error from Circuit Court of Washington County. A. J. BROWN, J.

E. C. REEVES and REEVES & BAXTER for Reeves.

ISAAC HARR for Henderson & Co.

CALDWELL, J. This is a suit by subcontractors and material-men, under Chapter 103, Acts of 1889.

In September, 1890, Carroll & Co., contractors and builders, undertook, by special contract with W. R. Reeves, the plaintiff in error, to construct a house on a lot owned by him and another in Johnson City, Tennessee.

Henderson & Co., the defendants in error, by contract with Carroll & Co., and without contract with Reeves, furnished the materials and did the tin-work on the house. Completing their work on November 19, 1890, Henderson & Co., on the twenty-first of the same month, gave Reeves written notice of their intention to claim a lien on the house and lot for the work done and materials furnished.

Reeves owed Carroll & Co. nothing when this notice was given, having already paid them for all materials furnished and labor performed up to that time; nor did he owe them any thing when this suit was brought.

On January 7, 1891, Henderson & Co. instituted this action, before a Justice of the Peace, against both Carroll & Co. and Reeves, to enforce the collection of their account for materials furnished and labor done by them as aforesaid.

The Justice of the Peace rendered judgment in

favor of Henderson & Co. for $145.78, the amount of their demand, and adjudged the same to be a lien on the house and lot.

On appeal to the Circuit Court the case was there tried by the Circuit Judge, without the intervention of a jury, and judgment was again pronounced in favor of Henderson & Co.

Pending the appeal in the Circuit Court, Henderson & Co., on January 22, 1891, filed a statement of their demand with the Register of the county, and caused the same to be recorded in the trust-book.

Reeves prosecutes an appeal in the nature of a writ of error to this Court.

Three grounds for reversal have been urged in argument of counsel for appellant.

*First.*—It is contended that the warrant, as originally issued by the Justice of the Peace, was for debt only, and that the Circuit Judge erroneously permitted an amendment in his Court so as to include the matter of lien on the house and lot.

Though there is some confusion in the record on the point, it satisfactorily appears that the original warrant embraced, as subject-matter of the litigation, both the debt and the lien; and that the amendment was made alone for the purpose of more particularly describing the property, and not with a view of introducing a new cause of action.

Such an amendment was clearly allowable under §4952 of the Code (M. & V.).

*Second.*—It is urged that registration of the account was necessary to the perfection of the lien claimed, and that this suit cannot be maintained because commenced before the account was registered.

This position is not tenable. Registration is not requisite to the creation and maturity of the lien as between the owner of the property and the subcontractor or material-man. As to them due notice to the owner is all that is necessary to fasten the lien upon the property. It is only when a particular lienor seeks to give his lien precedence over the lien of other persons that registration is required.

The correctness of these propositions is manifest from the language of the first section of the Act. This section provides for a simple lien, and also for a lien that shall have precedence over other liens. Each of them depends upon a proviso; the former upon due notice merely, and the other upon registration after such notice.

The provision is: (1) That "every journeyman * * * shall have this lien for his work or material; *Provided*, That within thirty days * * * he or they shall notify, in writing, the owner of the property * * * that said lien is claimed; and said lien shall continue for the space of ninety days from the date of said notice, * * * (2) and the same shall have precedence over all other liens for such time; *Provided*, A statement of the amount due for such work, labor, or materials

shall be filed with the County Register, who shall note the same for registration, and put it on record in the trust-book in his office, * * * and this registration shall be notice to all persons of the existence of such lien." Acts 1889, Ch 103, Sec. 1.

So that registration was wholly unnecessary for the purposes of this action.

*Third.*—It is insisted that the notice given by Henderson & Co. was bad, both in form and in substance.

It was in these words:

"*Mr. Wm. Reeves:*

"You are hereby notified that we will proceed to take a mechanic's lien on your house and lot in Johnson City, Tennessee, for work and materials furnished in erecting your house, unless said claim is paid. This November 21, 1890.

"(Signed) A. P. HENDERSON & Co."

Though barely so, this notice is sufficient to meet the requirement of the statute. It informs Reeves of an intention on the part of Henderson & Co. to claim a lien on his house and lot for materials furnished and labor done by them in the erection of the house. That is the purpose of the notification.

So meager a notice, however, is not to be commended. It would have been in better form had it, in addition, stated the amount claimed, the

nature of the materials furnished and labor performed, and that the claimants furnished such materials and performed such labor at the instance of the original contractor. It would have been well also to more particularly describe the property on which the lien was to be claimed.

Finally, that Reeves had no contract with Henderson & Co., and that he owed Carroll & Co., the persons with whom he did contract, nothing when the notice was given and when this action was commenced, are facts entirely immaterial to the decision of this case. They constitute no defense whatever to the demand of Henderson & Co.

Reeves is conclusively presumed to have made his contract with Carroll & Co. with reference to the statute, which gives all subcontractors and material-men the right of lien now asserted by Henderson & Co. *Cole Manufacturing Company* v. *Falls, ante, p.* 466 (S. C., 16 S. W. Reporter, 1045).

Let the judgment be affirmed with costs.