## MILLS *v.* TERRY MANUFACTURING CO.

### (*Jackson.*    May 5, 1892.)

1. MECHANICS' LIEN.  *Furnisher has none, when.*

The seller of materials to a contractor is not entitled to a furnisher's lien upon the property repaired or constructed therewith, where there is no special contract between the seller and the owner of the property or the contractor that such materials should be used in construction or repair of the particular property against which the furnisher's lien is asserted.

Code construed: §§ 2739, 2740 (M. & V.); §§ 1981, 1981*a* (T. & S.).

Acts construed: Acts 1889, Ch. 103.

2. SAME.  *Case in judgment.*

M. & Co., merchants dealing in building supplies, sold to T., a contractor, a lot of window-blinds.  Most of these blinds were used by T. in the construction of a house for F.  M. & Co. had no contract with T., the contractor, or F., the owner, that said window-blinds were to be furnished for F.'s house, or for any particular building.

*Held:* M. & Co. have no furnisher's lien upon F.'s house for the blinds used by T. in its construction.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County.    L. H. ESTES, J.

EDGINGTON & EDGINGTON for Mills.

S. J. SHEPHERD for Defendants.

W. A. HENDERSON, Sp. J. This case involves the construction of the mechanics' lien law, to the end that it may be determined whether the plaintiffs have a lien upon the house and lot of the defendant, John T. Frost, situate in the city of Memphis. The plaintiffs were adjudged to be not so entitled in the Circuit Court of Shelby County, and they have brought their case to this Court by appeal in error.

It appears that the plaintiffs are wholesale merchants, who, in Cincinnati, Ohio, carry on the general business of selling building supplies, such as doors, blinds, etc., to contractors in building and repairing houses; and that the Terry Manufacturing Company is a concern of Nashville, Tenn., the business of which sometimes embraces such contracts; and that John T. Frost is a citizen of Memphis, and entered into a contract with his co-defendant to repair his dwelling-house, situate in said city, which was accordingly done.

From the agreed statement of facts it appears that on the sixth day of August, 1891, the said plaintiff received from the Terry Manufacturing Company an order for a lot of inside window-blinds, which, on the third day of September following, they filled, amounting to $212.50, of which blinds to the amount of $188.80 were afterwards proved to have gone into the Frost building in Memphis, upon which all statutory steps to preserve

the furnishers' lien, if any existed, were taken. It further appears that no other relation existed between the plaintiffs and the Terry Manufacturing Company than that of vendor and vendee, and that they had no knowledge as to what use the vendee intended to make of the goods.

It is provided by the first section of the Acts of 1889, Ch. 103, that "Section 2 of the Act of the Legislature of 1881, Ch. 67, above referred to in this caption, shall be amended so as to read as follows: 'Every journeyman or other person employed by such mechanic, founder, or machinist to work on the building, fixtures, machinery, or improvements, or to furnish material for the same, shall have this lien for his work or material; *Provided*,'" etc.

The present Act of 1889, Ch. 103, is only intended to apply to such mechanics, founders, and machinists as had a lien under Code (T. & S.), §§ 1981, 1981*a*, where the lien is created in the following words: "There shall be a lien on any lot of ground or tract of land upon which a house has been constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist, who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery, or material, either of wood or metal."

The obvious construction of this Act, and of those of which it is amendatory, is that such lien arises upon a special contract, as contemplated by the Acts. Such a lien does not follow a window-blind, like a shadow, as it passes from vendor to vendee, with no contract for its use in a particular building. A most liberal construction of the Act would not extend it to embrace the case presented by the plaintiffs.

The judgment of the Circuit Court, having been in accord with this construction, is in all things affirmed, with costs.