# BASSETT & CLAPP *v.* BERTORELLI.

## (*Jackson.*　　May 13, 1893.)

1. MECHANICS' LIEN.　*Of furnisher of materials to contractor.*

   The furnisher to a contractor of materials to build a house has a stat-
   utory lien upon the property therewith erected, for their value,
   although the furnisher relied for payment of his claim upon the con-
   tractors' responsibility, and not upon any lien upon the property.

   Code construed: §§ 2739, 2746 (M. & V.); §§ 1981, 1986 (T. & S.).

   Acts construed: Acts 1881, Ch. 67; Acts 1889, Ch. 103.

   Case cited and approved: Green *v.* Williams, *ante, p.* 220.

   Cited and distinguished: Mills *v.* Terry Mfg. Co., 91 Tenn., 469.

2. SAME.　*Sufficiency of notice.*

   Furnisher's notice to owner, of intention to claim statutory lien upon
   property for materials furnished to a contractor and used in its erec-
   tion, if sufficient in other respects, is not bad for failure to give spe-
   cific description of the materials so furnished and used.

   Acts construed: Acts 1889, Ch. 103.

   Case cited and approved: Reeves *v.* Henderson, 90 Tenn., 522.

3. SAME.　*Service of notice.*

   And valid service of such notice may be made by a non-official person.

4. SAME.　*When notice may be given.*

   Furnisher's notice to owner of intention to claim the statutory lien upon
   a building for materials furnished to and used by a contractor in its
   erection, is not premature, under our statutes, when given before the
   completion of the building, but within thirty days after the comple-
   tion of the furnisher's contract.

   Code construed: § 2746 (M. & V.); § 1986 (T. & S.).

   Acts construed: Acts 1889, Ch. 103; Acts 1881, Ch. 67.

   Cases cited and approved: Cole Mfg. Co. *v.* Falls, 90 Tenn., 471; Stone
   Co. *v.* Board of Publication, 91 Tenn., 201; Shelby *v.* Hicks, 5 Sneed,

197; Reeves *v.* Henderson, 90 Tenn., 523; Green *v.* Williams, *ante,* p. 220.

Cited and distinguished: 33 Fed. Rep., 569.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

S. J. SHEPHERD and R. M. BEATTY for Bassett & Clapp.

L. & E. LEHMAN for Bertorelli.

CALDWELL, J.    This is a bill by material-men to enforce an alleged furnisher's lien.

The Special Chancellor granted the relief sought, and defendant appealed.

Defendant, Annie Bertorelli, employed Edward Larkin to furnish materials and erect a house upon a certain lot of ground belonging to her, in the city of Memphis. Larkin employed complainants, Bassett & Clapp, to furnish to him certain materials called for in the contract, and necessary in the construction of the house. Those materials were furnished by complainants, and were put into, the building by Larkin. A small balance of $189.99, for materials so furnished by complainants, remains unpaid, and to collect that sum this bill was filed.

Bassett & Clapp *v.* Bertorelli.

The defendant, through her counsel, insists that the decree against her is erroneous, and should be reversed, upon these grounds: "(1) Because complainants gave credit to Larkin generally, without any understanding that they intended to claim a lien; (2) because it is not shown that notice was given as required by law; (3) because it appears from the bill that the notice which was given was premature."

*First.*—As to reliance upon personal liability of Larkin, and not upon lien on the property.

Complainants' allege, and prove, that they furnished the materials to Larkin for use in the construction of a certain house for the defendant, and that he used them in the construction of that particular house. These facts, without more, gave complainants an inchoate lien upon the property. It was not necessary to the creation of such a lien that complainants should have had an "understanding that they intended to claim" it. Nor is it important that they charged Larkin personally with the debt. They were entitled to both securities, his personal liability and a lien on the property; and their reliance on the one did not impair their right to rely on the other also. They could not be put to an election between the two so long as their debt, or any part of it, remained unpaid.

Nothing is shown to have been said between complainants and Larkin, either about his personal obligation to pay the debt or the liability of the property. That, however, is of no consequence;

for the lien arose, as a matter of law, from the transaction itself (Code, §§ 1981 and 1986; Acts 1881, Chapter 67, Section 2; Acts 1889, Chapter 103, Section 1; *Green* v. *Williams*, 92 Tenn., 220; S. C., 21 S. W. R., 520), and his contract for the materials made him personally liable.

There is a marked difference between this case and that of *Mills* v. *Terry Manufacturing Co.*, 91 Tenn., 469. In that case the claimant was rightfully denied a lien because the materials there in question were furnished to the contractor *on general account, for use in any and all buildings*, and not on special order for use in a particular building, as in this case.

In the conclusion of the opinion in that case, Special Judge Henderson very forcibly said:. "Such a lien does not follow a window-blind, like a shadow, as it passes from vendor to vendee, with no contract for its use in a particular building." 91 Tenn., 472.

As already stated, the materials here involved were ordered and furnished for use in a particular building. The heading of the account on the books of complainants is as follows: "Edward Larkin, for Bertorelli House, bought of Bassett & Clapp."

*Secondly.*—As to the form of the notice, and the manner in which it was given.

Complainants caused their book-keeper to call on the defendant at her home and leave with her a written notice, as follows:

"MEMPHIS, TENN., Nov. 16, 1889.
"*Mrs. Annie Bertorelli:*

"This is to notify you that we, as material-
men, have furnished to your contractor, Edward
Larkin, certain material in the erection of your
building, corner Arkansas Avenue and Coffee Street,
in Shelby County; and bill of material, after giv-
ing all just credits, leaves a balance of three hun-
dred and fourteen and $\frac{99}{100}$ dollars ($314.99); and
this is to notify you further that we, as material-
men, intend and do rely upon our lien on said
building for payment of same, under the statutes
of the State of Tennessee. You will hold the
above amount, and govern yourself accordingly.

"(Signed)                    BASSETT & CLAPP."

At the end of the notice was the following in-
dorsement:

"Sworn and subscribed to before me, this six-
teenth day of November, 1889.

"(Signed)                    G. R. STRICKLAND, *J. P.*"

Though not so specific with reference to the
materials furnished, or so well worded as it might
and should have been, that notice is legally suffi-
cient in form and in substance. It gave the de-
fendant the required notification of an intention
on the part of complainants to claim a lien on
her building, in the construction of which mate-
rials furnished by them had been used by her
contractor. Acts 1889, Ch. 103, Sec. 1; *Reeves* v.
*Henderson & Co.*, 90 Tenn., 522.

The leaving of that notice with defendant by a private individual, as the agent of complainants, was, likewise, all that the law required in that respect. It had the same virtue as regular service by an officer would have had.

The notice required by statute is not *process;* it is merely a private instrument of writing. Hence it is in no sense essential that it should be served by an officer.

The difference between the amount of the indebtedness, specified in the notice and that mentioned in the bill, is accounted for by the fact that Larkin made certain payments between the date of the notice and the filing of the bill, thereby reducing the indebtedness to the amount sued for.

*Thirdly.*—As' to the time when the notice was given, and the contention that it was premature.

Complainants allege in their bill, and show in their proof, that they gave the notice on the sixteenth day of November, 1889, within thirty days after the completion of their contract, and "before the building was finished."

The question, then, is, Was the notice premature and inoperative, because given *before* the building was finished? Defendant contends that it was, and complainants that it was not.

The first section of Chapter 118 of the Acts of 1845-46, as enlarged by the Code of 1858, provides that "there shall be a lien upon any lot of ground or tract of land upon which a house

has been constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made, by *special contract* with the owner or his agent, in favor of the *mechanic or undertaker, founder or machinist*, who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery, or material, either of wood or metal." Code, § 1981.

The second section of the same enactment, as carried into the Code at § 1986, is as follows:

"*Every journeyman or other person employed by such mechanic, founder, or machinist* to work on the building, fixture, machinery, or improvement, or to furnish materials for the same, shall have this lien for his work or materials, if at the time *he begins* to work, or furnishes the materials, he notifies the owner of the property, in writing, of his intention to rely upon the lien."

The second section of Chapter 67 of the Acts of 1881, amended the latter provision, by adding thereto these words: "Such person shall also have a lien, if such written notice is served on the owner during the progress of the work, or after its completion and before the contractor has been paid." Code (M. & V.), § 2746.

That provision so amended was further amended in 1889 so as to read as follows: "Every journeyman or other person employed by such mechanic, founder, or machinist to work on the buildings, fixtures, machinery, or improvements, or to furnish

material for same, shall have this lien for his work or material; *Provided,* That within thirty days after the building is completed, or the contract of such laborer, mechanic, or workman shall expire, or he be discharged, he or they shall notify, in writing, the owner of the property on which the building or improvement is being made, or his agent or attorney, if he reside out of the county, that said lien is claimed; and said lien shall continue for the space of ninety days from the date of said notice, in favor of such subcontractor, mechanic, or laborer; and the same shall have precedence over all other liens for such time; *Provided,*" etc.  Acts 1889, Ch. 103, Sec. 1.

It is readily observed that these statutes provide liens in favor of two general classes of persons: first, for *original contractors* (whether to perform labor or furnish materials), embraced in the words, "mechanic or undertaker, founder or machinist;" and, secondly, for *subcontractors* (whether to perform labor or furnish materials), embraced in the words, "every journeyman or other person employed," etc. The lien in favor of the first class arises upon a special contract with the owner, and that in favor of the second class, upon employment by the original contractor ("such mechanic, founder, or machinist"), and notice to the owner. *Cole Mfg. Co.* v. *Falls,* 90 Tenn., 470–1; *Stone Co.* v. *Board of Publication,* 91 Tenn., 201–2.

The provision for the second class has, from time to time, undergone important changes with

respect to the matter of notice; and each of such changes, in succession, has been intended, manifestly, to better the condition of the subcontractor.

At first, he was required to give the notice when *he began to work* or *furnish materials,* and, if subsequently given it was unavailing (*Shelby* v. *Hicks,* 5 Sneed, 197); next, he was allowed to give it at that time, or *at any subsequent time,* before the original contractor had been paid; and now, he may give it as prescribed in the first proviso of the first section of Chapter 103 of the Acts of 1889, and acquire a lien without reference to the question of *payment* or *non-payment* to the original contractor. *Reeves* v. *Henderson & Co.,* 90 Tenn., 527.

The question as to whether or not the notice in the case at bar was *premature,* and inoperative because premature, depends upon the construction of that proviso.

The important words are: "*Provided,* That within thirty days after the building is completed, or the contract of such laborer, mechanic, or workman shall expire, or he be discharged, he or they shall notify, in writing, the owner * * that said lien is claimed, and said lien shall continue * * ninety days * * in favor of such subcontractor, mechanic, or laborer.

Three events are mentioned, *after* which the notice is to be given—completion of the building, expiration of the contract, discharge of employe. The first and third of these, have no application to the facts of this case, because complainants were

not discharged, nor did they give notice *after* the completion of the building. The second does apply. The words "such laborer, mechanic, or workman," as used in the proviso, refer to the same class of individuals as do the introductory words of the section, "every journeyman or other person employed by," etc.; and these latter words, as has been seen already, mean *subcontractors*, whether employed to perform labor or furnish materials. It follows, as a necessary consequence, that "the contract" whose expiration is contemplated in the proviso, is the contract of the *subcontractor* or *subcontractors*, and not that of the *original contractor*.

This construction of the words "such laborer, mechanic, or workman," as used in the first part of the proviso, is rendered the more obvious, perhaps, when they are considered in connection with the subsequent words of the proviso, "such subcontractor, mechanic, or laborer, which are used manifestly to designate the same class of individuals. The lien given to "every journeyman or other person employed by," etc., on condition that proper notice be given, is the same lien which the latter part of the proviso declares "shall continue * * ninety days * * in favor of such subcontractor, mechanic, or laborer." Other words of this inartificially drawn statute might be referred to in justification of the construction herein given, but further reference is not deemed necessary.

The complainants were subcontractors, employed

by the original contractor to furnish materials for use in the construction of defendant's house. Their "contract" expired on the eighteenth day of October, 1889, and within thirty days thereafter, on the sixteenth of November, 1889, they gave her notice of their intention to rely' upon their statutory lien. That notice, though given *before* the completion of the building, was not premature, but in good time.

In *Reeves* v. *Henderson & Co.*, 90 Tenn., 523, and *Green* v. *Williams*, 92 Tenn., it was assumed, without discussion or decision, that a material-man might perfect his inchoate lien by giving proper notice within thirty days after expiration of *his contract*, and without reference to the completion of the building. The question there assumed is here decided.

It was held in *Catlin* v. *Douglass*, 33 Fed. R., 569, and in other cases cited therein, that a material-man's notice, given before the completion of the building, *was premature;* but that holding was made upon the Kansas statute, which authorized notice *only* after the completion of the building, and did not allow it within a specified time after the expiration of his contract, as does our statute. Hence, those cases are not in point.

Affirm, with costs.