# PILE *v.* McCOY.

## (*Knoxville.* September 18, 1897.)

1. GUARDIAN BOND. *Liability of co-sureties inter sese.*

   A surety on a guardian bond is bound, in exoneration of his co-surety, to account for trust funds applied by the guardian to the payment of his individual indebtedness to such surety, especially if the surety is fully indemnified by collaterals, although the co-surety knew of and acquiesced in such misappropriation. (*Post, pp. 369, 370.*)

2. APPEAL. *Does not bring up Court's action overruling demurrer.*

   A defendant who has not appealed from the Chancellor's decree, nor made any question as to its correctness before the Court of Chancery Appeals, is not in a situation to invoke, upon his appeal from an adverse decree of the Court of Chancery Appeals upon the merits, a review by this Court of the Chancellor's action overruling a demurrer to the bill. (*Post, p. 370.*)

---

### FROM SULLIVAN.

---

Appeal from Chancery Court of Sullivan County. HUGH G. KYLE, Ch.

C. J. ST. JOHN, JR., and A. C. KEEBLER for Pile.

TAYLOR, WINSTON & REED for McCoy.

Pile *v.* McCoy.

WILKES, J. Complainant and defendant were co-sureties of W. A. Sparger, guardian of Fanny D. Clark. The guardian made default, and judgment was rendered against him and his sureties for $1,450.62. Pile paid the whole of the judgment, and this bill is to recover from McCoy the entire amount thus paid. The Chancellor gave complainant decree for one-half the amount paid, but denied any further relief, and the complainant appealed, and assigned as error that he was not allowed judgment for the full amount paid by him.

The Court of Chancery Appeals heard the case, and reversed the decree of the Chancellor, and gave complainant judgment for the full amount, and the defendant has appealed to this Court. The Court of Chancery Appeals find that Sparger, the guardian, was indebted to McCoy, the defendant surety, in several notes for land. This indebtedness was paid out of the funds of the ward, and by an agreement previously made between McCoy and Sparger that it would be so paid; and thus, as said by the Court of Chancery Appeals, McCoy procured from the guardian the ward's money, and appropriated it to his own use and benefit, and he should therefore be held liable for the full amount of the fund thus appropriated, in exoneration of his co-surety. It appears, also, that he held one of the land purchase money notes, which is a lien on the land, for about $1,500, as he says, to indemnify him from loss, because of his suretyship.

Pile *v.* McCoy.

It is insisted before this Court that while this rule laid down by the Court of Chancery Appeals cannot be controverted, still it should not be allowed to control in this case, because complainant, Pile, knew of the contemplated and actual misappropriation of the ward's funds, and assented thereto when he became surety.

The Court of Chancery Appeals reports that this fact is not established by the proof, and that the burden of proof being upon defendant, McCoy, to show such knowledge and acquiescence, and he having failed to do so, he cannot rely upon such fact.

It is insisted that the Court of Chancery Appeals erred in holding that the burden of proof was upon defendant, McCoy, to show such knowledge and acquiescence. In this we think that Court is correct, but we think we need not treat this as controlling or very material. If one of the sureties obtained the fund from the guardian and applied it to his own use, and thus caused the guardian's default, as between him and his co-surety, who has paid up the whole default, he should be held liable for the entire amount; and especially is this so when the co-surety has indemnified himself. The rights of the ward are not involved in this case, but simply the equities of the co-sureties *inter sese*, and one having received the whole fund for his own use, should indemnify his co-surety against any loss or liability therefor.

We do not think the doctrine of clean hands

applies to the complainant in this case. Complainant might be perfectly willing for his co-surety to receive and use the fund and account for it.

It is said the Chancellor erred in not sustaining a demurrer of defendant, McCoy, to the bill in this cause, on the ground that it was filed as a bill of discovery, without alleging that the facts sought to be disclosed were material, or that they could not be proved by other evidence. Conceding this to be the true rule in cases of bills for discovery independent of other relief, still it cannot avail in the condition of this record. No appeal was prayed by the defendant from the action of the Chancellor on the demurrer, nor from the final decree, and no point was made in the Court of Chancery Appeals upon the failure to sustain the demurrer. The matter is, therefore, not before the Court.

The judgment of the Court of Chancery Appeals is affirmed.