WALTER STREULI, d/b/a Crown Coal and
Lumber Company,

*v.*

OTIS BROOKS et al.

(*Nashville,* December Term, 1957.)

Opinion filed April 9, 1958.

ROBERT M. McRAE, JR., and APPERSON, CRUMP, DUZANE
& McRAE, Memphis, for appellants.

GRAHAM MOORE, Memphis, for appellees.

374

Mr. Justice Tomlinson delivered the opinion of the Court.

Streuli furnished materials which went into, and became a part of, premises owned by defendants, Brooks and wife. His bill seeks payment therefor through enforcement of the furnisher's lien created by T.C.A. Section 64-1112 et seq. This bill acknowledges superiority of a lien created by deed of trust to a third party created and registered after the furnisher's lien commenced. He seeks a sale subject to the lien of that trust deed.

Eliminating recitation of collateral matters immaterial to the decision, it is sufficient to say that this furnisher complied with all pertinent provisions of the furnisher's lien statute necessary to the preservation of his furnisher's lien in so far as such lien applies to the owner of the premises, unless there was a non-compliance with this statute in that his written notice to the owners of his claim to a lien on the premises was not, in legal contemplation, filed with the County Register.

It was because of such lack of registration that the Chancellor sustained the owners' demurrer. He did so on

the authority of this Court's 1957 decision in *Chattanooga Lumber and Coal Corporation v. Phillips,* 202 Tenn. 266, 104 S.W. 2d 82, 83. The Chancellor, after referring to certain previous holdings of this Court, said with reference to the Chattanooga case:

"Though this Court cannot reconcile the language and reasoning in the cases last above cited with the holding on the issue presented in the Chattanooga case, the Court considers itself bound by the decision in *Chattanooga, etc., Corporation v. Phillips, et al.*"

The furnisher's appeal is based on his insistence that, as against the owner of the premises, registration of the claim notice is not required by the statute as a prerequisite to the preservation of the furnisher's lien.

Technically, the issue presented in the Chattanooga case was whether the furnisher had a furnisher's lien against the owner of the property because of the fact that he, the furnisher, had failed to register, in legal contemplation, notice of its claim to such a lien. That this was the issue, technically, must be recognized by the fact that the Court was acting upon the demurrer of the owner directed to the proposition that the furnisher had lost his lien against the owner by reason of a failure to register his claim.

In this Chattanooga case there was registered a deed of trust creating a lien in favor of the third party on the owner's premises. It was the contention of the furnisher that his lien, though not registered, was superior to the lien created by said deed of trust because his, (the furnisher's) "first delivery of materials was prior to the date of the registration of the aforesaid deed of trust".

The battle was so earnestly waged over that issue as to cause this Court to overlook the entire question presented by the owner's demurrer, to-wit, whether there was any lien on the property even as against the owner, since the furnisher had failed to register his claim. Thus, by this inadvertence, the Court limited its consideration to the question of priority by reason of lack of registration between the furnisher's lien and the lien created by the properly registered deed of trust.

The foregoing limitation of consideration by this Court of the entire question in the Chattanooga case is clearly established by several remarks made by it in the course of its opinion. For instance this:

"The importance of registration and acknowledgment of an instrument, which purports to establish a lien, is that it affects the title and interest of all subsequent purchasers and lienors. It does not affect the owner otherwise than to give him notice that the claimant has furnished material to the contractor. And since the claim of lien in the case at bar was not executed as required by law, and was not acknowledged, it was without any legal efficacy to sustain it as against the holders of the deed of trust."

And this

"against the right of the mortgagee, or holder of the deed of trust on the property * * * the complainant must comply with the statute as to recordation and acknowledgment of its claim."

Appellee owner in the case at bar says that the furnisher filed no petition to rehear in the Chattanooga case. It may be that the furnisher did not regard his

lien subject to the lien of the deed of trust as being of substantial value; hence, an idle gesture to call the Court's attention to the Court's oversight. However that may be, this Court's limitation of the question actually considered and decided must be recognized, and the language used in the opinion given effect only within that limitation. Thus, it is the *Chattanooga Lumber and Coal Corporation v. Phillips, supra,* is not authority for the proposition that, as against the owner of the premises, registration of the furnisher's claim notice is a statutory prerequisite to the preservation of the furnisher's lien.

Code Section 64-1112 is the one which controls the decision of the question just stated. It reads as follows:

"In order to preserve the virtue of the lien, as concerns subsequent purchasers or encumbrancers for a valuable consideration without notice thereof, though not as concerns the owner, such lienor, who has not so registered his contract, is required to file for record in the office of the register of deeds of the county where the premises, or any part affected lie, a sworn statement similar to that set forth in Section 64-1117, and pay the fees; the register to file, note and record same, all as in said section stipulated."

■ The language in the foregoing code section clearly makes a distinction, between what is required of the furnisher as concerns subsequent purchasers or encumbrancers, on the one hand, and as concerns the owner of the premises on the other hand. The requirement of that section is that registration is required "as concerns subsequent purchasers or encumbrancers * * * though not as concerns the owner". And it has been so construed

in all the reported Tennessee decisions that this Court has been able to find.

The first of these decisions is *Reeves v. Henderson & Company,* 90 Tenn. 521, 525, 18 S.W. 242, holding this:

"Second. It is urged that registration of the account was necessary to the perfection of the lien claimed, and that this suit cannot be maintained because commenced before the account was registered.

"This position is not tenable. Registration is not requisite to the creation and maturity of the lien, as between the owner of the property and the subcontractor or material man. As to them, due notice to the owner is all that is necessary to fasten the lien upon the property. It is only when a particular lienor seeks to give his lien precedence over the lien of other person that registration is required."

*Green v. Williams,* 92 Tenn. 220, 227, 21 S.W. 520, 521, 19 L.R.A. 478, reiterated the holding in *Reeves v. Henderson & Company, supra,* with this statement:

"The registration required by the act of 1889 (Chapter 103) (section 64-1117, T.C.A.) was held not to be necessary as between the owner and material man."

It was again so held in 1926 in the Court of Appeals case of *Brantingham v. Beasley,* 2 Tenn.App. 598, 602. *Certiorari* was denied by this Court.

There are no reported Tennessee decisions found contrary to the aforestated holding in the above cited cases.

Some of the foregoing cases were the ones to which the Chancellor expressly referred when, in feeling compelled

to follow what he construed the Chattanooga case to hold, he observed that he could not reconcile it "with the language and reasoning in the cases last above cited".

■ The Chancellor's error was in not giving effect to the necessarily implied limitation of this Court's decision in the Chattanooga case by reason of its apparent aforementioned oversight. His failure to do so is quite understandable. However, his decree must be reversed since the law is that under the furnisher's lien statute, T.C.A. Section 64-1112 et seq., registration is not requisite to the preservation of the furnisher's lien as between the owner of the property and the furnisher, the materialman.

Reversed with costs of the appeal adjudged against appellee owners of the premises, and remanded for further proceedings.