**WALKER SUPPLY COMPANY, INC.,**
Appellee,

v.

**CORINTH COMMUNITY DEVELOP-
MENT, INC., et al., Appellants.**

Court of Appeals of Tennessee,
Western Section.

Jan. 29, 1974.

Certiorari Denied by Supreme Court
May 6, 1974.

W. J. Reynolds, Selmer, for appellants.

James A. Hopper, Savannah, for appellee.

NEARN, Judge.

This appeal is by the defendant from the Decree of the Chancery Court of Hardin County. In the complained of Decree the Chancellor held that the plaintiff, a furnisher of building materials, had a valid mechanic's or furnisher's lien on the defendant owner's property.

The facts of the matter are not in real dispute, it is the Chancellor's interpretation of the applicable statute that is called into play by this appeal.

Defendant Corinth Community Development, Inc. is the owner of the certain building lots in Hardin County. The defendant Development Company agreed with one Jerry Phillips as general contractor, to construct homes on six of the lots or parcels owned by the defendant Development Company. The lots in question were not contiguous. Phillips, in turn, agreed with the plaintiff that plaintiff was to furnish certain building materials for the project. There was no contract between plaintiff, Walker Supply Company and the defendant Development Company.

For reasons immaterial to this Opinion, work ceased prior to completion of the six houses for which Walker was furnishing material. Plaintiff had not been paid for all of its materials furnished for the construction. Consequently, plaintiff, by certified mail, notified the defendant owner that a lien was claimed for the unpaid amounts. Simultaneously with the mailing of the notice, plaintiff filed a sworn notice of lien in the Register's Office of Hardin County.

The notice filed in the Register's Office did not apportion the unpaid balance between the several, non-contiguous lots, but was a "blanket" lien on the six lots involved known as "Lots 15, 18, 19, 21, 22 and 31 of the Bellemeade Subdivision".

The notice to the owner was mailed and notice was filed in the Register's Office on September 19, 1972, and suit was filed and attachment levied within ninety days thereof, on November 27, 1972.

Default judgment was taken against the contractor, Jerry Phillips. Non-suits have been taken as to various other of the original defendants. Other lien holders yet remain as defendants, but by stipulation of the parties and agreement of the Chancellor, the sole issue determined was whether or not Walker Supply Company possessed a lien on the property of Community Development Company. The question of the priority of liens as between other lienors has been left for determination at some future hearing. Therefore, this matter will be treated as if there were no other parties or dispute but that between Walker and Community Development.

It is the position of the appellant that § 64–1118 T.C.A. is applicable to this case and that the Code section requires the notice filed in the Register's Office show an apportionment of the unpaid balance due between the various lots on which the lien is claimed. Since the notice does not apportion as required by the statute, the notice was ineffective to perfect the lien. Therefore, the suit could not be maintained as the plaintiff had not complied with an absolute prerequisite of suit.

Section 64–1118 T.C.A. provides as follows:

"Claim against more than one improvement.—Where the amount due is for labor performed or materials furnished for more than one (1) improvement on a single lot, parcel, or tract of land, or for a single improvement on contiguous or adjacent lots, parcels, or tracts of land, or for more than one (1) improvement to be operated as a single plant, but located on separate lots, parcels, or tracts of land, and made or to be made in each case under the same direct contract or contracts, a lienor shall be required to file only one (1) claim of lien covering his entire demand against such real

property. If two (2) or more lots, parcels, or tracts of land are improved under the same direct contract or contracts and the improvements are not to be operated as a single plant, a lienor who has performed labor or furnished materials therefor shall, in claiming a lien, apportion his contract price between the several lots, parcels, or tracts of land and improvements thereon and file a separate claim of lien for the amount demanded against each lot, parcel, or tract of land and the improvements thereon. In such latter case proof of delivery, at the order of the purchaser, to any of such lots, of materials to be used in one (1) or more of such improvements shall, prima facie, be sufficient proof of delivery to support a claim of lien on any of such lots."

It is the appellee's position that § 64–1118 T.C.A. is not applicable to this case, but §§ 64–1115 and 64–1117 T.C.A. are applicable; that plaintiff complied with them and the notice is valid.

Sections 64–1115 and 64–1117 T.C.A. are as follows:

"64–1115. Mechanic's lien—Notice to owner.—Every journeyman or other person contracted with or employed to work on the buildings, fixtures, machinery, or improvements, or to furnish materials for the same, whether such journeyman, furnisher, or other person was employed or contracted with by the person who originally contracted with the owner of the premises, or by an immediate or remote subcontractor acting under contract with the original contractor, or any subcontractor, shall have this lien for his work or material; provided that, within ninety (90) days after the demolition and/or building or improvement is completed, or the contract of such laborer, mechanic, furnisher, or other person shall expire, or he be discharged, he shall notify, in writing, the owner of the property on which the building is being erected or improvement is being made,

or his agent or attorney, if he reside out of the county, that said lien is claimed; and said lien shall continue for the period of ninety (90) days from the date of said notice in favor of such subcontractor, journeyman, furnisher, mechanic, or laborer, and until the final termination of any suit for enforcement brought within that period."

"64–1117. Registration of abstract.—Such lien shall have precedence over all other subsequent liens or conveyances during such time; provided, a sworn statement of the amount due and/or approximating that to accrue for such work, labor, or materials, and a reasonably certain description of the premises, shall be filed, within said first mentioned period of ninety (90) days, or in the case of liens acquired by contract executed on or after April 17, 1972, by virtue of § 64–1143 within ninety (90) days after completion of the structure which is or intended to be furnished water by virtue of drilling a well, with the county register, who shall note the same for registration, and put it on record in the lien book in his office, for which he shall be entitled to the sums specified in § 8–2138, which sums shall be paid by the party filing the same; but said fees shall be receipted for on the statement of account, and shall be part of the indebtedness or charge secured by the lien, and this registration shall be notice to all persons of the existence of such lien."

We are of the opinion that neither § 64–1117 nor § 64–1118 are in any manner applicable to this case. The issue tried and on appeal is one between the owner and furnisher and does not involve the right of any subsequent purchasers or lien holders.

In essence, § 64–1115 T.C.A. provides that one who furnishes materials on the order of a general contractor shall have a lien therefor, provided that within ninety days of the contract termination the owner

shall be notified in writing of the claim. It further provides that the lien shall continue for ninety days from date of notice and shall continue thereafter until resolved by law if suit is filed before ninety days from date of notice.

In so far as a dispute between the owner and furnisher is concerned, the statute does not provide for any filing of any notice with any County Register. The written notice to the owner is sufficient to perfect the lien as between furnisher and owner. This has clearly been heretofore held in Brantingham v. Beasley (1926 M.S.) 2 Tenn.App. 598; Reeves v. Henderson & Co. (1891) 90 Tenn. 521, 18 S.W. 242; Green v. Williams (1892) 92 Tenn. 220, 21 S.W. 520. Of course, the furnisher's lien could be lost if suit were not filed within ninety days of the written notice.

The failure to register the notice in compliance with § 64–1117 or § 64–1118 only affects the rights of the furnisher as to any subsequent purchaser or lienor. Brantingham v. Beasley, supra; Chattanooga Lumber & Coal Corp. v. Phillips (1957) 202 Tenn. 266, 304 S.W.2d 82.

Therefore, in so far as the issue before us is concerned, the filing of the notice in the Register's Office was surplusage. The notice mailed to the defendant notified defendant of the lien and the property upon which the lien was claimed. Such notice was sufficient in form and content. See and compare Bassett v. Bertorelli (1893) 92 Tenn. 548, 22 S.W. 423.

Let the Decree of the Chancellor be affirmed and the cause remanded to the Chancery Court of Hardin County for further proceedings not inconsistent herewith.

Costs of the appeal are adjudged against the appellant and surety.

CARNEY, P. J., and MATHERNE, J., concur.