McCOY LUMBER INDUSTRIES, INC.,
Plaintiff-Appellee,

v.

PARKVIEW TOWERS, INC.,
Defendant-Appellant.

Court of Appeals of Tennessee,
Middle Section.

Feb. 24, 1978.

Certiorari Denied by Supreme Court
Aug. 21, 1978.

Callicott, Marshall, Havron & Maurer by Richard Marshall, Nashville, Fredric J. Chester, Jr., Athens, for plaintiff-appellee.

Gullett, Steele, Sanford, Robinson & Merritt by Allen D. Lentz and Thomas W. Steele, Stephen W. Ramp, Nashville, Paul H. Clark, Townsend, for defendant-appellant.

TODD, Judge.

OPINION

*With the concurrence of participating judges, the original opinion has been abridged for publication.*

The defendant, Parkway Towers, Inc., has appealed from the decree of the Chancellor ordering enforcement of the materialman's lien of plaintiff, McCoy Lumber Industries, Inc., against property of defendant, Parkway. Other defendants have not appealed.

Defendant employed National Building Corporation to construct an office building on its property in Nashville. National subcontracted with Steel Systems and Design Corporation to fabricate and furnish window panel units for installation in defendant's building. Plaintiff contracted with Steel Systems to furnish lumber for use in fabricating the window panels and delivered said lumber to Steel Systems at its plant in Greenback, Tennessee.

Prior to any shipment of lumber by plaintiff to Steel Systems, National Corporation agreed to pay Steel Systems by check payable to plaintiff *and* Steel Systems in order to assure plaintiff of payment for its lumber. Two such checks resulted in partial payment of plaintiff's claim. For the unpaid portion, plaintiff gave proper and timely lien notice and prosecuted this suit to a final decree ordering sale of defendant's property to satisfy plaintiff's lien in the amount of $11,459.32 plus recording fee and costs.

The gravamen of the sole assignment of error is as follows:

"(a) The Chancellor erred in finding that the Plaintiff carried its burden of proof that the lumber supplied by it to Steel Systems & Design Corporation was actually used in the construction of Parkway Towers."

The statute allows a lien only for materials "which are incorporated into the improvement." T.C.A. § 64–1101.

There is no evidence that the lumber was delivered by plaintiff to the job site, or that

the lumber delivered to Steel Systems at Greenback, Tennessee was ever used in fabrication of panels delivered to the job site.

In *Dealers Supply Co., Inc. v. First Christian Church,* 38 Tenn.App. 568, 276 S.W.2d 769 (1955) it was held that materials specially prepared by a "take off" from the building plans need not be delivered directly to the job site, but might be delivered to the subcontractor for delivery and installation. However, such special selection and preparation for plaintiff's job is not shown in the present case.

The lumber furnished by plaintiff was a special "fire resistant" lumber, but there is no showing that it was not equally suitable for use in any other building. The lumber was shipped in standard sizes and lengths and there was nothing about it to make it peculiarly suited to defendant's building.

In *Mills v. Terry Mfg. Co.,* 91 Tenn. 469, 19 S.W. 328 (1892), it was held that window blinds which were readily useable in other buildings were not lienable items unless delivered to the job site or otherwise shown to have been used in the building.

In the present case, there is no evidence, direct or circumstantial, which could satisfy a reasonable mind that the lumber furnished by plaintiff was used in defendant's building. The agreement of National to make checks payable to plaintiff might create a liability upon National for failure to do so, but such agreement does not constitute evidence that deliveries made after the agreement found their way into defendant's building, nor does it otherwise impose lien liability upon defendant's property.

Plaintiff points out that no other lumber company filed a lien. This circumstance, standing alone, is insufficient to satisfy plaintiff's burden of proof to show that plaintiff's lumber was used in defendant's building rather than elsewhere.

In respect to the relief decreed against appellant and/or its property, the Chancellor's decree is reversed; plaintiff's suit against appellant is dismissed; and all costs incident to appellant's presence in the suit, including costs of this appeal, are taxed against plaintiff.

Reversed and Dismissed.

SHRIVER, P. J., and DROWOTA, J., concur.