WILLIAMS LUMBER AND SUPPLY COMPANY, INC., Petitioner,

*v.*

CHARLES W. POARCH et ux., et al., Respondents.

428 S.W.2d 308.

(*Nashville*, December Term, 1967.)

Opinion filed May 10, 1968.

STEVENS & BAGLEY, Fayetteville, for petitioner.

JACK GREEN, Nashville, for respondents.

Mr. Justice Creson delivered the opinion of the Court.

.This case comes to this Court from the Court of Appeals, Middle Section, on writ of certiorari heretofore granted. It involves the question of priority as between a mechanic's lien asserted under T.C.A. secs. 64-1101 et seq., and the lien of a trust deed on the same property. The petitioner, complainant below, Williams Lumber and Supply Company, Inc., seeks enforcement of a mechanic's or furnisher's lien on property owned by the respondent, Charles W. Poarch and his wife. The respondent, Mid-State Homes, Inc., is the present holder of a mortgage or deed of trust on the Poarch property, by transfer from respondent Jim Walter Corporation.

In the Lincoln County Chancery Court, the complainant was. awarded a decree against the owner of the property for his debt, and priority of his lien over that of the trust deed of Jim Walter Corporation and Mid-State Homes, Inc.

The Court of Appeals, Middle Section, reversed, and entered a decree awarding priority to the lien of the trust deed. The issue posed, therefore, presents a rather important problem of construction and application of the Tennessee Mechanic's Liens statutes, particularly sec. 64-1104.

The record clearly shows that on March 9, 1966, Mr. Poarch contracted with the Jim Walter Corporation for the construction of a ''shell'' house on his property. He and his wife executed a deed of trust by which they conveyed the land in question to William T. Robertson, Jr., as trustee, to secure a promissory note to the Jim Walter Corporation for $9,072.00. Under the contract, Mr. Poarch was to lay the foundation, after which Jim Walter Corporation was to erect the ''shell'' house. Accordingly, Mr. Poarch purchased building blocks and built the foundation between March 15 and March 17, 1966. Jim Walter Corporation commenced construction of the house on March 17, 1966. The deed of trust on the property was recorded on March 21, 1966, in the Register's Office of Lincoln County. Shortly thereafter, on March 24 or 25, Jim Walter Corporation completed the ''shell''. On March 26, 1966, complainant Williams started delivery of materials under a separate contract with Mr. Poarch. The complainant continued to deliver materials until May 18, 1966. On May 27, 1966, the complainant filed its sworn statement of account due, which was duly recorded in the Register's Office of Lincoln County.

The complainant later, and timely, filed this bill in the Chancery Court of Lincoln County to enforce his lien. He prayed for a decree against Mr. and Mrs. Poarch for the amount of the debt, for attachment, for enforcement

of the lien against the property, and to have such lien declared superior to that of the trust deed.

Complainant, and petitioner here, urges that under the law of Tennessee that lien is superior to the deed of trust held by Jim Walter Corporation and Mid-State Homes, Inc.; that this case is controlled by T.C.A. sec. 64-1104, which is:

"64-1104. *Time of attachment of lien.*—Such lien shall relate to and take effect from the time of the visible commencement of operations, except that, where demolition is involved in the work of improving, liens other than for demolition shall relate to and take effect from the visible commencement of operations excluding demolition and delivery of materials therefor. (Code 1932, sec. 7915.)"

The argument is that the date of visible commencement of operations was March 15, 1966, when Mr. Poarch began laying the foundation of the house; and, thus, that the mechanic's and furnisher's lien was superior to the lien of the trust deed by the express terms of the pertinent statute.

Jim Walter Corporation takes the position that the visible construction on March 15, 1966 was in no way related to the complainant, but was under separate contract between Mr. Poarch and Jim Walter Corporation. Respondents say that delivery of materials by the complainant commenced five days after the deed of trust had been recorded, and at least one day after the completion of the shell home. In other words, that the visible commencement of operations for the purpose of complainant's lien was on the first day of delivery by it.

The Chancellor, after hearing the cause and taking same under advisement, filed a memorandum in the case. It was there stated:

"The general rule is the priority of a mechanic's lien over a mortgage depends upon the time when the lien attaches which is purely statutory. 36 Am Jur, Mechanics' Liens, Sec. 181. 57 C.J.S., Mechanics' Liens, Sec. 200(a). It attaches at visible commencement of operations under our statute. TCA 64-1104. Since Jim Walter Company did not record its mortgage before visible commencement of operations Williams Company's mechanics' lien is first."

As indicated before, the Court of Appeals, Middle Section, reversed the holding of the Chancellor. In that opinion, the complainant's lien was held inferior for the reasons that (1) the Poarch deed of trust was *executed* before the visible commencement of operations, and (2) the Poarch deed of trust was *recorded* before the complainant made any delivery to the construction site under its separate contract with Mr. Poarch.

The complainant then filed petition for certiorari in this Court. Certiorari was granted to determine whether the Court of Appeals' opinion interpolated a condition on the statutory mechanic's and furnisher's lien which the statutes do not justify; and, in our opinion, even negate.

It must be, and is, conceded that inception of the mechanic's and furnisher's lien is fixed and controlled by the statute itself—T.C.A. sec. 64-1104.

The Court of Appeals' opinion enunciated that the deed of trust had priority because it was *executed* prior

to the visible commencement of operations. However, the determinative factor in ascertaining priority is recordation, not execution. The Court of Appeals, Eastern Section, correctly interpreted and applied the statute in *Southern Blow Pipe & Roofing Co. v. Grubb* (1953) 36 Tenn.App. 641, 260 S.W.2d 191. It is the very essence of the opinion that a materialman's lien which meets the statutory prerequisites of creation and perfection relates back to the visible commencement of operations. That court said:

> "(6) Inasmuch as McKenzie recorded his lien on August 25, 1948, exactly 90 days after delivery of the last materials on May 27th, his lien, provided the notice was invalid, took priority over the Association's deeds of trust recorded January 21 and May 28, 1948, and would 'relate to and take effect from the time of the visible commencement of operations,' December 1, 1947, *Brown v. Brown & Co.*, supra [25 Tenn.App. 509, 160 S.W.2d 431]. Code Section 7915."

In examining the second basis of the Court of Appeals' opinion in the present case, this Court is required to ascertain just what is meant by "visible commencement of operations." Respondents argue, and the Court of Appeals agrees, that as to the complainant's lien, the visible commencement of operations did not embody the work which was performed by the owner in laying the foundation or to the work which was performed by Jim Walter Corporation in erecting the shell home. The reasoning seems to be that the contract between Jim Walter Corporation and Mr. Poarch was for a separate construction job that did not relate to, or affect, the likewise separate contract between Mr. Poarch and the complainant. That court further pointed out that the deed

of trust was recorded five days before this particular complainant made any delivery of materials to the site, pursuant to its separate contract with the owner.

*Brown v. Brown & Co.* (1941) 25 Tenn.App. 509, 160 S.W.2d 431, is not authority for such a view of the present case. In that case, the Court of Appeals, Eastern Section, was required to determine the completion date of a construction project to ascertain if the lien notice had been given and filed in the time required by T.C.A. sec. 64-1115. By its holding, that Court refused to so construe that section as to extend the "completion" date to encompass some "minor repairs" performed under a *contract* wholly separate from the *original project.*

█ In the case now before this Court, the materials delivered by complainant were to be, and were, used in completing the construction of the house which was progressing in defined stages, but by different agencies. The facts show that the owner laid the foundation between March 15 and 17, 1966; Jim Walter Corporation erected the shell between March 17 and 25, 1966; and Mr. Poarch completed the interior, using the materials from the complainant between March 26 and the end of May, 1966. Obviously, this was a single construction project, with visible commencement of operations on March 15, 1966. In our view, it is not open to serious debate here but that everything which occurred, and the order in which it did so, was necessarily and clearly within the contemplation of all those concerned in the project, and the correlative rights and obligations arising from it. Further, the conclusion reached seems in entire conformity with the concepts embodied in the Tennessee law relating to mechanic's and furnisher's liens.

After extended consideration, we are of opinion that the conclusion of the Chancellor below was correct. It follows that the judgment of the Court of Appeals is reversed and that of the Chancery Court of Lincoln County is affirmed and reinstated. The costs of certiorari and appeal are assessed against the respondents; with costs of the trial court to remain as fixed by that court.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.