Reese L. SMITH, Jr., and Howard E. Johnston, d/b/a Indian Springs, Appellants,

v.

CHRIS-MORE, INC., a Tennessee Corporation, Appellee.

Supreme Court of Tennessee.

April 12, 1976.

Gail P. Pigg, Nashville, for appellants.

F. Clay Bailey, Jr., Dearborn & Ewing, Nashville, for appellee.

## OPINION

COOPER, Justice.

This is a discretionary appeal from an order of the Chancery Court of Williamson County overruling appellants' motion to dismiss the complaint in this case. The issue before this court is whether the oath to a complaint filed to enforce a materialman's lien by attachment may be made by the lienholder's attorney.

Chris-More, Inc., appellee, alleged in its complaint that it had furnished plumbing supplies for the improvement of real property owned by the appellants, Reese L. Smith, Jr., and Howard E. Johnston, d/b/a Indian Springs, a partnership, and that the sum of $8,026.77 was due in payment for the supplies. Appellee further alleged that it had filed a timely notice of lien in the office of the Register of Williamson County and that a copy of the notice had been served on Smith and Johnston. The complaint was signed and sworn to by the attorney for appellee.

A materialman's lien exists only by virtue of the provisions of the lien statutes and in order to establish such a lien these provisions must be strictly followed. *Hamilton National Bank v. Long*, 189 Tenn. 562, 226 S.W.2d 293 (1949); *McDonnell v. Amo*, 162 Tenn. 36, 34 S.W.2d 212 (1931).

The statutory procedure for enforcement of a materialman's lien is set forth in T.C.A. 64–1126, which provides in relevant part as follows:

"Liens under §§ 64–1101—64–1142 *shall be enforced by attachment only*, in manner following:

(1) Where the plaintiff or complainant lienor has a contract with the owner, the lien shall be enforced by attachment upon

petition at law or bill in equity, *filed under oath*, setting forth the facts, describing the property, and making the necessary parties defendant; or before a justice of the peace, where the amount of the claim is within his jurisdiction, the affidavit for the writ to contain such recitals.

(2) Where there is no such contract, by attachment in a court of law or equity in like manner; or before a justice of the peace, having jurisdiction, based upon *like affidavit . . .*" [Emphasis added.]

■■■ Appellants insist that the requirement that the complaint to enforce a materialman's lien be "filed under oath" must be construed to require that the complaint be "filed under oath [by the lienholder]" and no one else. We see no merit in this insistence. T.C.A. 64–1126 provides that the enforcement of a materialman's lien "shall be . . . by attachment only," on a complaint "filed under oath." There is no specific directive as to who will make the oath to the complaint. However, the complaint "filed under oath" in a suit to enforce a lien is equivalent to the affidavit required in an original or ancillary attachment proceeding. *See De Soto Lumber Co. v. Loeb*, 110 Tenn. 251, 75 S.W. 1043 (1903). And, in the latter proceeding, "[i]n order to obtain an attachment, the *plaintiff, his agent or attorney*, shall make oath in writing, stating the nature and amount of the debt or demand, and that it is a just claim . .." [Emphasis added.] T.C.A. 23–613. We know of no logical reason why the lienholder's attorney should not be permitted to make the affidavit in support of an attachment to enforce a materialman's lien as is the attorney for a party in a general attachment proceeding, provided the attorney possesses the requisite knowledge to support the oath. And, in the absence of a specific statutory directive limiting the making of the oath to the lienholder, we decline to do so.

The action of the chancellor overruling the motion to dismiss is sustained. Costs incident to the appeal are adjudged against the appellants and their surety.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.