No. 86-212

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

A. A. QUALITY CONSTRUCTION,
a Montana Corporation,

Plaintiff and Appellant,

-vs-

TOMMATHEW T. THOMAS,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nye & Meyer; Jerrold L. Nye, Billings, Montana

For Respondent:

R. W. Heineman, Wibaux, Montana

---

Submitted on Briefs: Sept. 11, 1986

Decided: November 18, 1986

Filed: NOV 18 1986

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

A.A. Quality Construction (A.A.) brought this action to foreclose a mechanics' lien. A.A. appeals the decision of the District Court for Dawson County, which instead awarded damages on a theory of contract and debt. Dr. Thomas cross-appeals. We affirm.

The issues are:

1. Was partial summary judgment granted without a hearing?

2. Is A.A.'s mechanics' lien invalid?

3. Should the trial court have awarded Dr. Thomas additional offsets for work not completed or improperly done?

A.A. contracted to do plumbing work on Dr. Thomas' rental property on a time and material basis. Dr. Thomas paid A.A.'s first bill for some $2,700, but was dissatisfied with A.A.'s work and refused to pay a second bill of $3,745.55. A.A. filed a mechanics' lien with the Dawson County Clerk and Recorder, then filed this action to foreclose the lien. Dr. Thomas moved for partial summary judgment that the mechanics' lien was invalid because it was not verified by affidavit. Through a series of delays and a transfer of the case to a new judge, no hearing was ever held on the motion. After the pretrial conference, at which the motion for partial summary judgment was not discussed, the District Court issued an order granting the motion.

At the beginning of trial, A.A. moved to set aside the partial summary judgment order, contending that no proper motion remained before the court and that a hearing on the motion was necessary. The court heard the parties' arguments for and against the summary judgment and took the issue under

advisement. Trial went ahead on a breach of contract theory. During the trial, Dr. Thomas testified about his expenses in bringing A.A.'s work up to par.

In its findings and conclusions, the court reaffirmed the partial summary judgment. It awarded A.A. damages on a theory of contract and debt, reducing the damages by $1,000 for Dr. Thomas' costs to repair defective work and by $595.75 for A.A.'s overcharges. The money judgment awarded to A.A. was then $2,149.80. The court also gave Dr. Thomas an offset of $930 for attorney fees in successful defense on foreclosure of the mechanics' lien.

I

Was partial summary judgment granted without a hearing?

A.A. argues that Rule 56(c), M.R.Civ.P., requires a hearing on every motion for summary judgment:

> Motion and proceedings thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. . .

On this record we need not decide whether partial summary judgment may be granted without a hearing, because the trial court heard the parties' arguments and reconsidered the partial summary judgment prior to the trial on the merits. After reconsidering the matter, it reaffirmed its judgment. We conclude that since the court allowed a hearing on the summary judgment motion, there is no reversible error.

II

Is A.A.'s mechanics' lien invalid?

The trial court ruled that A.A.'s mechanics' lien did not meet the requirement of verification by affidavit in § 71-3-511, MCA. The lien was signed by the President of A.A. and was notarized as follows:

3

STATE OF MONTANA        )
                        :
COUNTY OF DAWSON        )

On this      day of September, 1981, before me,
a Notary Public for the State of Montana, personal-
ly appeared ALBERT ALDINGER, known to me to be the
person whose name is subscribed to the foregoing
instrument and acknowledged to me that he executed
the same.

IN WITNESS WHEREOF, I have hereunto set my
hand and affixed my official seal the day and year
first above written.

s/Jerrold L. Nye
Notary Public for the State of
Montana. Residing at Billings.
My commission expires 5/18/82

This is an acknowledgement, see § 1-5-203, MCA, not an affi-

davit.   The body of the lien is well-drafted and clearly

states that A.A. provided labor and materials, and the amount

due and owing.   However, even when considered together, the

body of the lien and the acknowledgement do not constitute a

binding oath of the truth of the statements, which is the

role of the affidavit.   Saunders Cash-Way, Etc. v. Herrick

(1978), 179 Mont. 233, 236, 587 P.2d 947, 949.   Because of

the extraordinary nature of the claim placed on property by a

mechanics' lien, the affidavit is an essential part of the

lien, and without it, no lien exists.   Saunders, 587 P.2d at

950.

We affirm the District Court's ruling that A.A.'s me-

chanics' lien was invalid because it was not verified by

affidavit.

III

Should the trial court have awarded Dr. Thomas addition-

al offsets for work not completed or improperly done?

The District Court found that Dr. Thomas incurred $500

in costs for repairing a basement leak caused by A.A.   The

4

court made findings that it would not award damages for certain other work, including installation of a second water line, because "the defendant failed to prove the majority of these damages" and "the Court cannot speculate at this time the cost of the work and materials. . . ." It concluded that Dr. Thomas was entitled to a $1,000 offset for costs necessary to correct A.A.'s work. It also granted Dr. Thomas an offset of $595.75 for overcharges by A.A.

Dr. Thomas argues that he is entitled to additional offsets for the second water line and for repairs of defective work. He gave estimates of the amounts of costs and damages he incurred, totalling over $2,600. He argues that his estimates were sufficient proof of damages. A.A., on the other hand, presented testimony that its work was done in a satisfactory manner.

The amounts listed in the trial court's findings of fact total less than the $1,000 offset it allowed to Dr. Thomas. Clearly, the trial court has granted some offset for Dr. Thomas' work, properly considering the contradictory evidence submitted by A.A. The offset awarded is within the range of evidence presented to the court. We conclude that the offset granted is supported by substantial evidence.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

5

_John Conway Harrison_

_William E. Hunt Sr_

_John C. Sheehy_
Justices

6

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 86-212

A. A. QUALITY CONSTRUCTION,
a Montana Corporation,

       Plaintiff and Appellant,

-v-

TOMMATHEW T. THOMAS,

       Defendant and Respondent.

ORDER



FILED

DEC 16 1986

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

The respondent and cross-appellant, Dr. Thomas, has petitioned for rehearing in this matter. He argues that under § 71-3-124, MCA, he is entitled to his reasonable attorney fees on appeal for successful defense against the mechanic's lien of appellant A. A. Quality Construction. His attorney also submitted an affidavit of fees incurred in the appeal. The appellant has not filed any objections. Upon consideration of this matter, we conclude that Dr. Thomas' point is well-taken. We therefore amend our opinion dated November 18, 1986, by adding the following paragraph to the opinion, at page 5:

> Dr. Thomas points out that he is entitled to his attorney fees on appeal for his successful defense against A. A.'s mechanic's lien, under § 71-3-124, MCA. Dr. Thomas is not entitled to attorney fees on his cross-appeal. Because a hearing before the District Court would involve considerable additional travel and legal expenses for both parties, and because Dr. Thomas' counsel has submitted an affidavit of fees with no objection by A.A., we will set the amount of reasonable fees on this appeal. We have considered the fee affidavit and conclude that a reasonable fee for this appeal is $500.

1

In all other respects, the petition for rehearing is denied.

DATED this 16th day of December, 1986.

_____
Chief Justice

_____

_____

_____

John C. Shelby
_____

_____

William E. Hunt
_____
Justices

Mr. Justice L. C. Gulbrandson did not participate in the foregoing decision.

2