**D.T. McCALL & SONS,**
**Plaintiff/Appellant,**

**v.**

**Glenn L. SEAGRAVES, Barbara Seagraves, and Thomas F. Baker, IV, Trustee, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 23, 1990.

Permission to Appeal Denied by
Supreme Court Sept. 24, 1990.

James L. Bass, Bass & Bass, Carthage, for plaintiff/appellant.

Vicky V. Klein, Goodlettsville, for defendants/appellees.

## OPINION

KOCH, Judge.

This appeal involves the enforcement of a materialman's lien on a newly constructed house. A material supplier who had sold the contractor a heat pump for the house sued the homeowners in the Chancery Court for Wilson County after the contractor did not pay. The trial court dismissed the complaint because of the materialman's failure to comply with the statutory requirements for enforcing a lien. We affirm.

### I.

David Holland is a contractor from Lafayette. Sometime in 1988, he bought a heat pump from D.T. McCall & Sons for a house he was building in the East Meadows Subdivision in Mt. Juliet. On June 25, 1988, he contracted to sell the house to Glenn and Barbara Seagraves while it was still under construction. During the August 25, 1988 closing, Mr. and Mrs. Seagraves paid Mr. Holland in full, and Mr. Holland provided the Seagraves with a warranty deed for the house and lot. Mr. and Mrs. Seagraves took possession of the house at that time.

Mr. Holland recorded a notice of completion of the house in the Wilson County register's office on September 21, 1988. Apparently he did not pay D.T. McCall & Sons for the heat pump, and on October 24, 1988, D.T. McCall & Sons recorded a notice of lien on the Seagraves' property "to secure the payment of the sum of $3,800.00 for labor, materials and supplies."

On January 5, 1989, D.T. McCall & Sons filed a complaint to enforce its lien. Mr. and Mrs. Seagraves moved to dismiss the complaint as well as the amended complaint because of defects in the notice of lien and in the complaint and amended complaint. The trial court initially denied the motion. However, after reconsidering the matter on its own initiative, the trial court filed a memorandum opinion on May 25, 1989 finding the motion to be well taken. Accordingly, the trial court entered an order on June 23, 1989 dismissing D.T. McCall's complaint.

### II.

The Seagraves' motion to dismiss and D.T. McCall & Sons' response relied upon matters outside the complaint. The trial court's memorandum and order state that its decision was based on a consideration of the entire record. Thus, we find that the trial court considered the parties' affidavits and that they played a role in the trial court's decision.

The Seagraves' motion to dismiss became a motion for summary judgment when the trial court considered and did not

exclude the additional evidentiary material.[1] *Hixson v. Stickley,* 493 S.W.2d 471, 473 (Tenn.1973); *Jacox v. Memphis City Bd. of Educ.,* 604 S.W.2d 872, 873–74 (Tenn.Ct.App.1980). Accordingly, we must review the trial court's decision using the standard applicable to summary judgments instead of the one applicable to motions to dismiss for failure to state a claim upon which relief can be granted.

Our role on appeal is to determine whether Tenn.R.Civ.P. 56's requirements have been met. *Hill v. City of Chattanooga,* 533 S.W.2d 311, 312 (Tenn.Ct.App.1975). Summary judgments are inappropriate when genuine disputes concerning material facts exist. *Poore v. Magnavox Co.,* 666 S.W.2d 48, 49 (Tenn.1984); *Executone of Memphis, Inc. v. Garner,* 650 S.W.2d 734, 736 (Tenn.1983). In determining whether a factual dispute exists, this court considers the pleadings and evidentiary materials in the appellate record in a light most favorable to the opponent of the motion. *Blocker v. Regional Medical Center,* 722 S.W.2d 660, 660 (Tenn.1987).

### III.

■ Materialman's liens are creatures of statute. *Williams Lumber & Supply Co. v. Poarch,* 221 Tenn. 540, 544, 428 S.W.2d 308, 310 (1968); *Brown v. Brown & Co.,* 25 Tenn.App. 509, 512, 160 S.W.2d 431, 433 (1941). Persons seeking to take advantage of the lien statutes must comply with all the applicable statutory requirements, including those relating to notice, recordation, and proper initiation of suit. *Hamilton Nat'l Bank v. Long,* 189 Tenn. 562, 567–68, 226 S.W.2d 293, 296 (1949); *American City Bank v. Western Auto Supply Co.,* 631 S.W.2d 410, 423 (Tenn.Ct. App.1981).

■ Tennessee's courts have generally required strict compliance with the lien statutes, *Eatherly Constr. Co. v. DeBoer*

*Constr. Co.,* 543 S.W.2d 333, 334–35 (Tenn. 1976); *Smith v. Chris–More, Inc.,* 535 S.W.2d 863, 863 (Tenn.1976); *Sequatchie Concrete Serv. v. Cutter Laboratories,* 616 S.W.2d 162, 165 (Tenn.Ct.App.1980), because, as noted by the Supreme Court:

> A materialman's lien is altogether statutory, and, when a lawmaking body prescribes the terms upon which it may be asserted, it is beyond the power of this court to waive its provisions or substitute others.

*McDonnell v. Amo,* 162 Tenn. 36, 41, 34 S.W.2d 212, 213 (1931). However, any construction adopted by the courts should not be so strict that it defeats the statutes' purpose. *Southern Blow Pipe & Roofing Co. v. Grubb,* 36 Tenn.App. 641, 653, 260 S.W.2d 191, 196 (1953).

### IV.

*The Adequacy of the Notice of Lien*

The Seagraves' motion contains a two-pronged attack on the validity of D.T. McCall's notice of lien. First, it asserts that the notice does not comply with Tenn. Code Ann. § 66–11–112 (1982) because it is not supported by a sworn statement. Second, it asserts that it was not timely because it was not filed within ten days after the filing of the notice of completion as required by Tenn.Code Ann. § 66–11–143(d)(2) (Supp.1989).

■ The issue concerning the notice's compliance with Tenn.Code Ann. § 66–11–143(d)(2) cannot be disposed of by motion because of the factual dispute concerning when the house was completed. Mr. Seagraves' affidavit states that the house was completed prior to the August 25, 1988 closing, and the certificate of completion asserts that it was completed on August 18, 1988. However, Dave M. McCall's affidavit states that the installation of the heat pump was not completed until sometime in October, 1988. This con-

---

1. Tenn.R.Civ.P. 12.02 provides:
   If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such motion by Rule 56.

flict in testimony precludes the summary disposition of the Tenn.Code Ann. § 66–11–143(d)(2) claim.

The Seagraves' claim that the notice of lien does not comply with Tenn.Code Ann. § 66–11–112 is ripe for adjudication because it is based upon the contents of a document about which there is no dispute. D.T. McCall & Sons responds by arguing first that it was not required to satisfy Tenn.Code Ann. § 66–11–112's formalities because its claim was against the property owners. Second, it asserts that its notice of lien satisfies Tenn.Code Ann. § 66–11–112 if the statute does apply. We have determined that the statute does apply in this case and that D.T. McCall & Sons' notice of completion meets its requirements.

■ The purpose of the notice requirements in the lien statutes is to protect against secret liens. There can be no lien without proper notice. *Conger Lumber & Supply Co. v. White*, 17 Tenn.App. 206, 212–13, 66 S.W.2d 999, 1002 (1934). However, the requirements for effective notice vary depending on for whom the notice is intended.

■ If the notice is directed toward the property's record owner at the "visible commencement of operations" or when the materials are provided, then simple notice without registration or filing will suffice. *Streuli v. Brooks*, 203 Tenn. 373, 379, 313 S.W.2d 262, 265 (1958); *Sequatchie Concrete Serv. v. Cutter Laboratories*, 616 S.W.2d at 164; *Walker Supply Co. v. Corinth Community Development, Inc.*, 509 S.W.2d 514, 516–17 (Tenn.Ct.App.1974). If, however, the notice is intended to be effective insofar as subsequent purchasers and encumbrancers are concerned, registration is necessary and the formal requirements of either Tenn.Code Ann. § 66–11–111 (1982) or Tenn.Code Ann. §§ 66–11–112 and 66–11–117 must be met. *Tindell Home Center, Inc. v. Union Peoples Bank*, 543 S.W.2d 843, 844–45 (Tenn.1976); *American City Bank v. Western Auto Supply Co.*, 631 S.W.2d 410, 423 (Tenn.Ct.App.1981).

■ D.T. McCall & Sons asserts that it did not need to comply with the formal registration requirements because its claim was against the owners of the property. While it is true that Mr. and Mrs. Seagraves owned the property at the time the dispute arose, there is no proof that they owned the property when work on the house began, or when the builder purchased the heat pump, or when the heat pump was delivered.

D.T. McCall's contract was not with Mr. and Mrs. Seagraves but rather with the builder who owned the property himself when he bought the heat pump. Mr. and Mrs. Seagraves were subsequent purchasers for value without notice of D.T. McCall's lien claim. Thus, D.T. McCall's notice must meet the requirement of either Tenn.Code Ann. § 66–11–111 (1982) or Tenn.Code Ann. §§ 66–11–112 and 66–11–117 (1982) in order to be effective.

Material suppliers may protect their liens against subsequent purchasers or encumbrancers in two ways. First, pursuant to Tenn.Code Ann. § 66–11–111, they can register a properly authenticated copy of their written contract in the register's office. Second, pursuant to Tenn.Code Ann. § 66–11–112(a), they can register a "sworn statement similar to that set forth in § 66–11–117." The statement required by Tenn.Code Ann. § 66–11–117 is a "sworn statement of the amount due and/or approximately that to accrue for such work, labor or materials, and a reasonably certain description of the premises."

■ D.T. McCall & Sons chose to follow Tenn.Code Ann. § 66–11–112 to protect its lien in this case. Therefore, in order to be effective against subsequent purchasers, its notice must embody a sworn statement and must be acknowledged and registered. *Pulaski Lumber Co. v. Harpeth South, Inc.*, 501 S.W.2d 275, 279 (Tenn.1973); *Chattanooga Lumber & Coal Corp. v. Phillips*, 202 Tenn. 266, 276–77, 304 S.W.2d 82, 85–86 (1957).

There is no dispute that D.T. McCall's notice of lien is properly acknowledged or that it contains a statement of the amount due and an adequate description of the

premises. However, Mr. and Mrs. Seagraves assert that the notice is defective because it was not properly sworn to or verified. We do not agree.

D.T. McCall & Sons' "notice of furnishers and materialmans lien" first describes the property subject to the lien and states the amount due. It concludes with the statement that "the said claim is justly due, owing and unpaid in the amount stated plus interest and the last materials furnished were within ninety (90) days hereof." Below this statement is Dave M. McCall's signature followed by a jurat[2] stating:

> Sworn to and subscribed before me this 21st day of October, 1988.
>
> ___/s/___
> Notary Public

My commission expires: _____.

While the form of D.T. McCall's notice of lien leaves much to be desired,[3] we cannot find that it was inadequate. Neither Tenn. Code Ann. § 66–11–112 nor Tenn.Code Ann. § 66–11–117 prescribes the form of the sworn statement that must either accompany or be included in the notice of lien. D.T. McCall & Sons' notice contains the proper information and indicates that an appropriate representative of the partnership has "sworn to and subscribed" the statement before a notary public. This is substantial compliance with the Legislature's intention. Accordingly, we find that D.T. McCall's notice of lien meets the statutory verification and registration requirements.

## V.

### The Adequacy of the Complaint

The Seagraves' motion also challenges the adequacy of D.T. McCall's complaint

and amended complaint on the ground that they were not filed under oath as required by Tenn.Code Ann. § 66–11–126(2) (Supp. 1989). Relying on Tenn.Code Ann. § 66–22–114(b) (Supp.1989), D.T. McCall & Sons insists that the acknowledgement on its original complaint is sufficient verification. We disagree. This argument overlooks the fundamental distinction between a jurat and an acknowledgement.

D.T. McCall & Sons original complaint concludes with the following acknowledgement:

> Before me, the undersigned authority, a Notary Public in and for the County and State aforesaid, personally appeared Dave M. McCall with whom I am personally acquainted, or proven to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be a partner of D.T. McCall & Sons, the within named bargainor, a general partnership, and that he as such partner executed the foregoing instrument for the purposes therein contained, by signing the name of the partnership by himself as partner.
>
> WITNESS MY HAND and official seal at Offices, Smith County, Tennessee, this 2nd day of January, 1989.
>
> /s/ James L. Bass
> Notary Public

My commission expires

/s/ 1–13–90

■ Tenn.Code Ann. § 66–11–126(2)'s requirement that the complaint be filed under oath means that the claimant or the claimant's attorney[4] must state under oath that the allegations in the complaint are true.

---

**2.** A jurat is a certificate of the official or person before whom a writing is sworn to. *Craig v. State,* 232 Ind. 293, 112 N.E.2d 296, 297 (1953); *Stern v. Board of Elections of Cuyahoga County,* 14 Ohio St.2d 175, 237 N.E.2d 313, 317 (1968); *Murphy v. State,* 132 Tex.Crim. 202, 103 S.W.2d 765, 766 (1937).

**3.** It would have been more prudent to include in the notice a statement to the effect that "the undersigned claimant makes oath that the statements in the notice are correct and that the above-stated amount for which the lien is

claimed is a lawful and just claim, and demand having been made, and that said claim remains unpaid." *See* 5 Tenn.Prac. *Civil Procedure Forms* § 29.6 (1987); *Southern Blow Pipe & Roofing Co. v. Grubb,* 36 Tenn.App. at 652, 260 S.W.2d at 196. Likewise, it would have been preferable had the verification been in a form similar to that found in 5 Tenn.Prac. *Civil Procedure Forms* § 8.4 (1987).

**4.** *See Smith v. Chris-More, Inc.,* 535 S.W.2d 863, 864 (Tenn.1976).

An "oath" signifies the undertaking of an obligation to speak the truth. *State v. Grant,* 176 Conn. 17, 404 A.2d 873, 877 (1978); *State v. Zamorsky,* 159 N.J.Super 273, 387 A.2d 1227, 1231 (1928); *Spradling v. Hutchinson,* 162 W.Va. 768, 253 S.E.2d 371, 373 (1979); *Paradis v. Webber Hosp.,* 409 A.2d 672, 675 (Me.1979). "Under oath" connotes that the declarant is first sworn or that someone administered an oath. *Youngstown Steel Door Co. v. Kosydar,* 33 Ohio App.2d 277, 294 N.E.2d 676, 678–79 (1973).

An acknowledgement of the type required by Tenn.Code Ann. §§ 66–22–101 through –114 is for the purpose of authenticating an instrument for registration. It authenticates the due execution of a document and is the formal statement of the person signing the document that his signature was freely done. *State v. Grant,* 404 A.2d at 877; *In re McCauley's Adoption,* 177 Neb. 759, 131 N.W.2d 174, 179 (1964).

██ An acknowledgement should be distinguished from a verification. An acknowledgement establishes the proper execution of the document while a verification establishes the truth of the document's contents. Recognizing this distinction, most courts considering the issue have declined to enforce liens when the supporting documents have been acknowledged but not verified. *H.A.M.S. Co. v. Electrical Contractors of Alaska, Inc.,* 563 P.2d 258, 260–61 (Alaska 1978); *Lewis v. Wanamaker Baptist Church,* 10 Kan.App.2d 99, 692 P.2d 397, 399 (1984); *Hub City Wholesale Elec., Inc. v. Mik–Beth Elec. Co.,* 621 S.W.2d 242, 243 (Ky.Ct.App.1981); *AA Quality Constr. v. Thomas,* 224 Mont. 108, 728 P.2d 416, 418 (1986); *Conn, Sherrod & Co. v. Tri–Electric Supply Co.,* 535 S.W.2d 31, 34 (Tex.Civ.App.1976); *First Sec. Mortgage Co. v. Hansen,* 631 P.2d 919, 921 (Utah 1981).

██ The acknowledgement on D.T. McCall's original complaint pertains only to the authentication or verification of Mr. McCall's signature. It has no relation to the truth of the complaint's allegations. While Tenn.Code Ann. § 66–22–114(b) excuses informality in the form of an acknowledgement, we find no indication that the General Assembly ever intended that it could obviate the need for a sworn pleading when one is required by another statute or rule. Thus, we have determined that Tenn. Code Ann. § 66–22–114(b) cannot be used to supply the missing language showing that Mr. McCall swore that the contents of the complaint were true.

While the Supreme Court has, in other contexts, excused parties from complying strictly with the statutory pleading verification requirements,[5] we do not believe that the Court would import the same informality into a proceeding to enforce a lien. Strict compliance with the lien statutes have always been required. We see no reason to depart from the principle in this case.

## VI.

██ Finally, D.T. McCall & Sons asserts that the trial court should not have dismissed its claim for unjust enrichment. We need not tarry long with this argument.

The Supreme Court held in *Paschall's, Inc. v. Dozier,* 219 Tenn. 45, 57, 407 S.W.2d 150, 155 (1966) that unpaid materialmen could assert an unjust enrichment claim against a property owner. However, the Court conditioned the right to assert the claim on the materialman being able to show (1) that it had exhausted its remedies against the contractor and (2) that it would be unjust to permit the property owner to retain the benefit of the materialman's performance.

A clear foundation for an unjust enrichment claim exists when the property owner has paid no one for the value of the materialman's performance. However, the same is not the case when the property owner has paid another in the good faith belief that the payment will be used to pay for the work or materials. In the latter case,

---

5. *See Newkirk v. Newkirk,* Sevier Law No. 4, 1988 WL 123827 (Tenn. Nov. 21, 1988) in which the Supreme Court excused the wife from verifying her counterclaim for divorce "under the peculiar circumstances of this case."

[t]he most significant requirement for a recovery on quasi-contract is that the enrichment to the defendant be unjust. Consequently, if the landowner has given any consideration to any person for the improvements, it would not be unjust for him to retain the benefit without paying the furnisher.

*Paschall's, Inc. v. Dozier,* 219 Tenn. at 57–58, 407 S.W.2d at 155. *See also Christmas Lumber Co. v. Shell,* 574 S.W.2d 742, 744 (Tenn.Ct.App.1978).

The party seeking to recover using an unjust enrichment theory has the burden of proving it is entitled to relief. *Bokor v. Holder,* 722 S.W.2d 676, 680 (Tenn.Ct.App. 1986). D.T. McCall & Sons brought forward no proof that it had exhausted its claims against the contractor or to refute Mr. Seagraves' proof that he had paid for the heat pump when he and his wife paid the contractor for the house. Without this proof, D.T. McCall & Sons' claim cannot stand in the face of the Seagraves' motion.

## VII.

We affirm the order dismissing D.T. McCall & Sons' complaint and remand the case to the trial court. We deny the request for damages in accordance with Tenn.Code Ann. § 27–1–122 (1980) because we do not find this appeal to be frivolous. However, we tax the costs of the appeal to D.T. McCall & Sons and its surety for which execution, if necessary, may issue.

TODD, P.J., and CANTRELL, J., concur.