IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 21, 2001

## CHARLES MONTAGUE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Washington County**
**No. 22708      Lynn W. Brown, Judge**

---

**No. E2000-01330-CCA-R3-PC**
**September 4, 2001**

---

The petitioner appeals from the post-conviction court's summary dismissal of his post-conviction relief petition for failing to be properly verified under oath. The issue is whether a petition for post-conviction relief must be verified under oath and whether the petitioner's "affidavit and sworn statement" was sufficient to satisfy that requirement. We conclude that the post-conviction court was correct in summarily dismissing the petition for failing to be properly verified under oath.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the appellant, Charles Montague.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussman, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Victor J. Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 6, 1996, the petitioner filed a pro-se petition for post-conviction relief. This petition related to his convictions for possession of cocaine with intent to sell, possession of marijuana, and possession of drug paraphernalia. The petitioner was originally convicted in 1990 and on appeal, received a new trial. He was again convicted in 1993 and appealed. The petitioner's convictions were affirmed on August 29, 1995. The Tennessee Supreme Court then denied his application for permission to appeal. Therefore, his August 6, 1996, pro-se petition was timely filed.

Also in August of 1996, the petitioner was appointed counsel and an amended petition was filed. On April 15, 1999, after countless continuances, the post-conviction court summarily dismissed the petitioner's petitions for failing to be properly verified. This appeal followed.

### Analysis

Under Tennessee Code Annotated section 40-35-204(e), "[t]he petition [for post-conviction relief] and any amended petition shall be verified under oath." This provision governs all petitions filed after May 10, 1995. The petitioner's petition was filed and amended in August, 1996. As such, the petition and any amendments required verification under oath. See Tenn. Code Ann. § 40-35-204(e).

Discussion of verified documents usually arises in the context of analysis of properly acknowledged documents. In Tennessee, acknowledged documents are ones which have been notarized by a notary public or acknowledged in the presence of an official. See generally Cohen, Tennessee Law on Evidence § 9.02[10] (4th ed. 2000). As defined in Black's Law Dictionary, "verify" means "[t]o prove to be true; to confirm or establish the truth or truthfulness of." Black's Law Dictionary 1561 (6th ed. 1990). Black's further explains, as an example of verification, that "a verified complaint typically has an attached affidavit of plaintiff to the effect that the complaint is true." Id. There is no doubt that the essence of a verification is truthfulness of the document's contents. As Judge Koch explained in an opinion from the Court of Appeals, "[a]n acknowledgment establishes the proper execution of the document while a verification establishes the truth of the document's contents." D. T. McCall & Sons v. Seagraves, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990)(recognizing a distinction in Tennessee between an acknowledgment and a verification); see also Varner v. Brown, No. 03A01-9405-CV-00171, 1994 WL 666902, at *2 (Tenn. Ct. App. 1994)(discussing the difference between an acknowledged document and a verified document for purposes of self-authentication pursuant to Rule 902(8) of the Tennessee Rules of Evidence).

In the instant case, the pro se petition was devoid of any verification. However, it did contain an affidavit and sworn statement which reads as follows:

> First being duly sworn, I Charles Montague, do hereby swear that I drafted this Post-Conviction Petition, and I have knowledge and understanding of the allegations contained therein. Further affiant saith not.

The affidavit and sworn statement were signed by Charles Montague and sworn to and subscribed before a notary public. The pro-se petition also contained a "Certificate of Service." The amended petition prepared by appointed counsel was devoid of any verification and oath. It was, however, "Respectfully Submitted," signed by appointed counsel, and contained a "Certificate of Service."

The sworn statement in the pro se petition was clearly an acknowledgment that the petitioner was aware of the contents of the documents, not that he swore to the truthfulness of such statements. Furthermore, appointed counsel never verified that the contents of the amended petition were truthful to the best of his knowledge. Thus, the petitioner's affidavit and sworn statement, as well as his amended petition, fail to state under oath that the facts contained in the petition are truthful.

## Conclusion

We conclude that merely swearing to having knowledge of the allegations contained in the petition is insufficient to qualify as a verification under oath. To conclude otherwise would allow a petitioner to file a petition which knowingly contained frivolous, false, and even perjured allegations or statements of facts. As such, we affirm the post-conviction court summarily dismissing the petitioner's petition for post-conviction relief by finding the petition for post-conviction relief was not properly verified under oath.

_____
JOHN EVERETT WILLIAMS, JUDGE