IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 19, 2004

**MICHAEL UNDERWOOD**

**v.**

**TENNESSEE DEPARTMENT OF CORRECTION**

**An Appeal from the Chancery Court for Lake County**
**No. 5068     J. Steven Stafford, Chancellor**

_____

**No. W2004-01630-COA-R3-CV - Filed January 20, 2005**
_____

This is a petition for certiorari seeking review of the department's disciplinary proceedings. The petitioner, a prisoner, was disciplined for abuse of his telephone privileges. He appealed the disciplinary charges against him through the administrative process, with no success. He then filed the petition for certiorari in the trial court below, seeking review of the adverse administrative decisions against him. The trial court dismissed the petition for certiorari, because it was not verified and it did not allege that it was the first application for the writ as required under T.C.A. § 27-8-106. The petitioner now appeals that decision. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Michael Underwood, appellant, *pro se.*

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Michael B. Schwegler, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

**OPINION**

Petitioner/Appellant Michael Underwood ("Underwood") is an inmate in the custody of the Respondent/Appellee Tennessee Department of Correction ("TDOC"), incarcerated at Northwest Correctional Complex in Tiptonville, Lake County, Tennessee. On April 10, 2003, Underwood was charged with the disciplinary offense, "abuse of phone privileges," after another inmate operated a telephone using Underwood's telephone personal identification number, allegedly with Underwood's permission. On April 14, 2003, a disciplinary board hearing was convened to adjudicate the

disciplinary charges against Underwood. Based on the evidence produced at the disciplinary board hearing, Underwood was found guilty of the offense and punished with thirty (30) days phone restriction, a $4.00 fine, and ten (10) days punitive segregation. On April 25, 2003, and again on May 6, 2003, Underwood appealed his disciplinary conviction and punishment to the warden of the correctional complex. These appeals were denied on May 13, 2003. Although Underwood attempted to appeal his conviction to the Commissioner of the TDOC on July 2, 2003, this improper administrative appeal was returned to Underwood unanswered because his conviction of the underlying disciplinary offense did not satisfy the requirements concerning appeals to the Commissioner.

On August 26, 2003, Underwood filed a petition for writ of certiorari against TDOC in the trial court below, seeking judicial review of the disciplinary action against him. On October 29, 2003, TDOC filed a motion to dismiss, arguing that Underwood's petition should be dismissed for failing state a claim upon which relief could be granted under Rule 12.02(6) of the Tennessee Rules of Civil Procedure. TDOC asserted that Underwood's petition failed to comply with the requirements set out in Tennessee Code Annotated § 27-8-106, which requires that a petition for writ of certiorari be verified and allege that it is the first application for the writ.

On May 24, 2004, Underwood filed a response to the motion to dismiss, asserting that the petition for writ of certiorari was notarized, satisfying the requirement that the petition be verified, and arguing that he, as a *pro se* litigant, should not be held to the same standards of pleading as a licensed attorney. On May 24, 2004, TDOC filed a reply, arguing that Underwood's petition was not properly notarized but, even if it were, a notarized signature does not qualify as verification of the petition. TDOC also reiterated that Underwood's petition did not state that it was the first application for the writ. TDOC also revised its former argument, stating that the proper basis for dismissal of the petition was lack of jurisdiction under Rule 12.02(1). On this basis, TDOC argued, Underwood's petition should be dismissed.

On June 14, 2004, the trial court dismissed Underwood's petition, concluding that it did not have subject matter jurisdiction over the petition because, although it was notarized, it was not verified and it did not state that it was the first application for the writ as required under T.C.A. § 27-8-106. From that order, Underwood now appeals.[1]

We review the trial court's findings of fact *de novo* on the record, presuming those findings to be correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). In this appeal, however, the facts are undisputed and the issue presented is a question of law. We review questions of law *de novo*, with no presumption of correctness. ***Id.***; ***see Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993).

Tennessee Code Annotate § 27-8-106 provides: "The petition for certiorari may be sworn to before the Clerk of the Circuit Court, the Judge, any Judge of the Court of General Sessions, or a

---

[1]On October 13, 2004, this Court granted Underwood's petition to proceed *in forma pauperis*.

notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106 (2000). Assuming *arguendo* that Underwood's petition in this case was properly notarized, "notarization" and "verification" are not identical concepts. "[A] verification establishes the truth of the document's contents," whereas notarization acknowledges the proper execution of a document. *See D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990); *Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *1 (Tenn. Crim. App. Sept. 4, 2001). In *Montague*, the Court of Criminal Appeals was called upon to determine whether a petition for post-conviction relief was properly "verified under oath." *Montague*, 2001 WL 1011464, at *1. In that context, the court analyzed the difference between a document that is "verified" and a document that is "notarized." The court explained:

> Discussion of verified documents usually arises in the context of analysis of properly acknowledged documents. In Tennessee, acknowledged documents are ones which have been notarized by a notary public or acknowledged in the presence of an official. *See generally* Cohen, Tennessee Law on Evidence § 9.02[10] (4th ed.2000). As defined in Black's Law Dictionary, "verify" means "[t]o prove to be true; to confirm or establish the truth or truthfulness of." Black's Law Dictionary 1561 (6th ed.1990). Black's further explains, as an example of verification, that "a verified complaint typically has an attached affidavit of plaintiff to the effect that the complaint is true." *Id.* There is no doubt that the essence of a verification is truthfulness of the document's contents. As Judge Koch explained in an opinion from the Court of Appeals, "[a]n acknowledgment establishes the proper execution of the document while a verification establishes the truth of the document's contents." *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App.1990) (recognizing a distinction in Tennessee between an acknowledgment and a verification); *see also Varner v. Brown*, No. 03A01-9405-CV-00171, 1994 WL 666902, at *2 (Tenn. Ct. App.1994) (discussing the difference between an acknowledged document and a verified document for purposes of self-authentication pursuant to Rule 902(8) of the Tennessee Rules of Evidence).

*Id.* Thus, the *Montague* court concluded that "merely swearing to having knowledge of the allegations contained in the petition is insufficient to qualify as verification under oath. To conclude otherwise would allow a petitioner to file a petition which knowingly contains frivolous, false, and even perjured allegations or statements of facts." *Id.* at *2.

Because notarization is not the equivalent of verification under Section 27-8-106, we must find that Underwood did not meet the requirement of Section 27-8-106 to file a verified petition which states that it is the first application for a writ of certiorari. *See Bowling v. Tennessee Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002) (affirming trial court's dismissal of a petition for writ of certiorari based on noncompliance with the requirements in Section 27-8-106); *see also Depew v. Kings, Inc.*, 276 S.W.2d 728, 729 (Tenn. 1955). We are mindful that Underwood is representing himself in this case, and that *pro se* litigants are at times given more leniency than licensed attorneys. *See Stigall v. Lyle*, 119 S.W.3d 701, 706

(Tenn. Ct. App. 2003). However, "[p]risoners and other non-lawyers who represent themselves are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with." *Bowling*, 2002 WL 772695, at *3.

Underwood argues that, even if his failure to comply with Section 27-8-106 was fatal to his petition for certiorari, the trial court should have given him an opportunity to amend his petition. TDOC responds that Underwood did not request such an opportunity to amend. In any event, TDOC argues, Underwood's petition should have been dismissed on the grounds that it was untimely, because it was not filed within sixty (60) days from the entry of the subject order or judgment. *See* Tenn. Code Ann. § 27-9-102 (2000) (allowing an aggrieved party sixty (60) days from the entry of the order or judgment in which to file a petition for certiorari). TDOC notes that the final judgment was entered on May 13, 2003, and the petition for certiorari was filed on August 26, 2003, 87 days later. Thus, the petition should have been dismissed as untimely.

Clearly, the trial court did not err in failing to allow Underwood an opportunity to amend his petition because he did not request such an opportunity. On these facts, we need not address the timeliness of Underwood's petition for certiorari. Therefore, the trial court properly dismissed Underwood's petition.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Michael Underwood, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE