# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs September 20, 2007

## TONY BALDWIN v. TENNESSEE BOARD OF PROBATION AND PAROLE

**Direct Appeal from the Chancery Court for Davidson County**
**No. 05-2618-IV     Richard H. Dinkins, Chancellor**

---

**No. M2006-01430-COA-R3-CV - Filed November 16, 2007**

---

A prisoner in the custody of the Tennessee Department of Correction filed a petition for writ of certiorari after he was denied parole. The trial court dismissed the petition on the basis that it was not sworn to and did not state that it was the first application for a writ. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. Frank Crawford, J., and HOLLY M. KIRBY, J., joined.

Tony Baldwin, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General and Mark A. Hudson, Senior Counsel, for the appellee, Tennessee Board of Probation and Paroles.

### MEMORANDUM OPINION[1]

Tony Baldwin, an inmate in the custody of the Tennessee Department of Correction (TDOC), filed a petition for writ of certiorari seeking judicial review of his December 2, 2004 parole hearing. The Tennessee Board of Probation and Parole (Board) denied him parole based on the seriousness of the offense and scheduled his next parole hearing for 2010.

---

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Petitioner's December 2004 hearing was the result of a prior petition for writ of certiorari filed after being denied parole in February 2001 based on the seriousness of the offense and deferring his next parole hearing until 2021. On appeal, this Court found that the Board acted arbitrarily in deferring the next consideration of parole for the Petitioner for 20 years. *Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429, 434 (Tenn. Ct. App. 2003) (*Baldwin I*). Based on this decision, Mr. Baldwin was granted another parole hearing in December 2004 which is the subject of the petition for writ of certiorari currently before this Court. In that petition, Mr. Baldwin contends that he was improperly denied parole based on the seriousness of the offense, that he has a protected liberty interest in parole, and that the Board's amended procedures which eliminated annual parole hearings constitutes an ex post facto violation. The Board filed notice that it was not opposed to the granting of the writ and the trial court granted the writ. A response was filed by the Board.

Upon reviewing the writ, the trial court found that the writ was improvidently granted because the petition was not sworn to as required by T.C.A. § 27-8-104(a) nor did it state that it was the first application for the writ in accordance with T.C.A. § 27-8-106. Therefore, the writ was dismissed. Nonetheless, the court then proceeded to address the merits of the claims raised and found them to be without merit.

Mr. Baldwin filed a timely appeal to this Court and presents the following issues as set forth in his brief:

I.      Did the Board of Probation and Parole err in using the reason of [seriousness] of offense to deny Appellant parole, based upon the Board['s] own guidelines?[2]

II.     Did the Board of Probation and Parole violate the Appellant's right against ex post facto as provided by the Tennessee and United States Constitutions?

III.    Does the Appellant have a liberty protected interest in parole?

Appellee's brief rephrases Mr. Baldwin's issues and states an additional issue as follows:

Did Mr. Baldwin's petition meet the constitutional and statutory requirements for a writ of certiorari?

---

[2]This issue was decided in Mr. Baldwin's previous case wherein this Court held:

In *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 482 (Tenn. 1997), our Supreme Court held that when the Parole Board declines parole because of the seriousness of the offense, it is not imposing another punishment for the same crime, but simply perpetuating a validly imposed sentence. Thus, Mr. Baldwin's argument as to the grounds for denying him parole is without merit.

*Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429, 431 (Tenn. Ct. App. 2003).

Article VI, Section 10 of the Tennessee Constitution provides:

The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation.

TENN. CONST. art. VI, §10.

Tennessee Code Annotated § 27-8-104(a) provides:

The judges or the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation.

Tennessee Code Annotated §27-8-106 provides:

The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ.

The trial court correctly determined that Mr. Baldwin's petition was not sworn to, nor does it state that it is the first application for the writ.

This Court recently dealt with a *pro se* petition for writ of certiorari which was not sworn to and failed to state that it was the first application for a writ. In *Jackson v. Tennessee Department of Corrections*, No. W2005-02239-COA-R3-CV, 2006 WL 1491445 (Tenn. Ct. App. May 31, 2006), we said as follows:

A requirement that a petitioner swear to the contents of his petition under oath necessarily connotes that the petitioner is first administered an oath and then states in accordance with that oath that the contents of the petition are true. *See D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 462-63 (Tenn. Ct. App. 1990). Notarization and verification are distinct concepts. *Underwood v. Tenn. Dep't of Corr.*, No. W2004-01630-COA-R3-CV, 2005 Tenn. App. LEXIS 23, at *5 (Tenn. Ct. App. Jan. 20, 2005), *appeal denied*, 2005 Tenn. LEXIS 723 (Tenn. Aug. 22, 2005). "[A] verification establishes the truth of the document's contents, *D.T. McCall Sons*, 796 S.W.2d at 463, "whereas notarization acknowledges the proper execution of a document," *Underwood*, 2005 Tenn. App. LEXIS 23, at *5. When discussing these unique concepts, the Tennessee Court of Criminal Appeals has noted the following:

-3-

In Tennessee, acknowledged documents are ones which have been notarized by a notary public or acknowledged in the presence of an official. *See generally* Cohen, Tennessee Law on Evidence § 9.02 [10] (4th ed. 2000). As defined in Black's Law Dictionary, "verify" means "to prove to be true; to confirm or establish the truth or truthfulness of." Black's Law Dictionary 1561 (6th ed. 1990). Black's further explains, as an example of verification, that "a verified complaint typically has an attached affidavit of plaintiff to the effect that the complaint is true." *Id.* There is no doubt that the essence of a verification is truthfulness of the document's contents. As Judge Koch explained in an opinion from the Court of Appeals, "an acknowledgment establishes the proper execution of the document while a verification establishes the truth of the document's contents." *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990)(recognizing a distinction in Tennessee between an acknowledgment and a verification); *see also Varner v. Moore*, 1994 Tenn. App. LEXIS 685, No. 03A01-9405-CV-00171, 1994 WL 666902, at *2 (Tenn. Ct. App. 1994)(discussing the difference between acknowledged document and a verified document for purposes of self-authentication pursuant to Rule 902(8) of the Tennessee Rules of Evidence).

*Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 692, at *3-4 (Tenn. Crim. App. Sept. 4, 2001)(*no perm. app. filed*).

In order for a petition for a common law writ of certiorari to be valid, the petitioner must verify the content of the petition and swear to the contents of the petition under oath, typically by utilizing a notary public. *See* TENN. CODE ANN. §§ 27-8-104(a), -106 (2000); *Underwood*, 2005 Tenn. App. LEXIS 23, at *7-8; *Bowling v. Tenn. Bd. Of Paroles*, No. M2001-00138-COA-R3-CV, 2002 Tenn. App. LEXIS 291, at *9 (Tenn. Ct. App. Apr. 30, 2002). As the Tennessee Court of Criminal Appeals noted, "merely swearing to having knowledge of the allegations contained in the petition is insufficient to qualify as a verification under oath. To conclude otherwise would allow a petitioner to file a petition which knowingly contained frivolous, false, and even perjured allegations or statement of facts." *Montague*, 2001 Tenn. Crim. App. LEXIS 692, at *5. Subject matter jurisdiction "can only be conferred on a court by constitutional or legislative act." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989)). The Tennessee Constitution and the statutes promulgated by the legislature require that a petition for a writ of common law certiorari be made under oath. See TENN. CONST. art. 6, § 10; TENN. CODE ANN. §§ 27-8-104(a), - 106 (2000). While Wilson's petition contained his verification that its contents were true and correct to the best

of his knowledge, he failed to have the petition notarized by a notary public. Accordingly, the trial court did not err in dismissing his petition for a lack of subject matter jurisdiction. *Cf. Underwood*, 2005 Tenn. App. LEXIS 23, at *7-8 (holding that a trial court correctly dismissed a prisoner's petition for a writ of common law certiorari when the prisoner failed to verify his petition, therefore, the trial court lacked subject matter jurisdiction); *Bowling*, 2002 Tenn. App. LEXIS 291, at *9 (ruling that a prisoner's petition for a writ of common law certiorari was properly dismissed when the prisoner failed to verify the contents of his petition).

*Id*. at *3-4 (quoting *Wilson v. Tenn. Dep't of Corr*., No. W2005-00910-COA-R3-CV, 2006 Tenn. App. LEXIS 91, at *3 (Tenn. Ct. App. Feb. 13, 2006)).

Mr. Baldwin's response is that his previous petition, which was the subject of *Baldwin I*, was in compliance with the constitutional and statutory requirements and that this case is merely a continuation of the previous case. We disagree. *Baldwin I* held that the Board's decision to defer for further parole consideration for 20 years constituted arbitrary exercise of the Board's authority. That opinion was filed August 15, 2003 and permission to appeal was denied by the Supreme Court on December 22, 2003. Mandate issued on January 7, 2004. That is a separate case involving a separate and distinct petition. He further argues that the Board waived this argument by not raising it in its response to his petition. We find this argument to be without merit as this involves a matter of subject matter jurisdiction which this Court may raise *sua sponte*. Rule 13(b) Tenn. R. Civ. P.

We hold that the trial court did not commit error when it dismissed the Appellant's petition for writ of certiorari based on the fact that the petition was not sworn to and failed to state that it was the first application for a writ. The remaining issues are pretermitted. Costs of this appeal are taxed to the Appellant, Tony Baldwin, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE